878 So.2d 483 (2004)
Robert Lee BRIDGES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-755.
District Court of Appeal of Florida, Fourth District.
August 4, 2004.
Elaine L. Thompson of the Law Office of Elaine L. Thompson, P.A., Lithia Springs, GA, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of aggravated battery with a deadly weapon. He argues that the trial court should have instructed the jury that the state was required to prove the absence of his self-defense claim beyond a reasonable doubt. In addition, he contends that the court erred in not instructing the jury as to the justifiable use of non-deadly force. Neither issue was raised in the trial court, however, and we affirm.
It was undisputed that appellant struck the victim with a machete, knocking him unconscious. He received a cut which required twenty-two stitches to close. Appellant testified that he knew the victim owned a gun, that they had words on the morning of the incident, and that he struck the victim in self-defense, because he was afraid that the victim was going to shoot him. Other than the testimony of the defendant, there was no evidence that the victim had a gun or that the victim provoked the attack.
*484 The court instructed the jury that the justifiable use of force likely to cause death or great bodily harm was a defense to the charged crime. Appellant did not request, and the trial court did not give, an instruction on the justifiable use of non-deadly force. Such an instruction would have been necessary, if requested, because whether the force used by the defendant was deadly or non-deadly was a jury issue. Williams v. State, 727 So.2d 1062 (Fla. 4th DCA 1999). Unlike the failure to instruct on an essential element of a crime, however, the failure to instruct on a defense cannot be raised for the first time on appeal. Sochor v. State, 619 So.2d 285 (Fla.1993) (failure to give voluntary intoxication instruction not fundamental error); Holiday v. State, 753 So.2d 1264 (Fla.2000).
Appellant also argues that the trial court committed fundamental error in not instructing the jury that the state had the burden to prove beyond a reasonable doubt the absence of the defendant's claim that he acted in self-defense.
The court instructed that "the Defendant cannot justify the use of force likely to cause death or great bodily harm" unless he used every possible means to avoid the danger. It also instructed the jury that "the Defendant cannot justify the use of force" if after arming himself he renewed the difficulty with the victim. It further instructed the jury that, if it had reasonable doubt on the issue of whether the defendant was justified in using force, it should find him not guilty.
Our standard jury instructions, from which the above instructions were taken, do not include an instruction that the state has the burden to prove beyond a reasonable doubt the absence of self-defense, where self-defense is raised. Nor has appellant cited any Florida case which would require the giving of such an instruction. Appellant relies on cases from other jurisdictions which do require such an instruction.[1]
Florida does require instructions involving the state's burden as to two affirmative defenses, entrapment and insanity. It has been held, however, that the failure to give such an instruction does not violate due process and is therefore not fundamental error. Smith v. State, 521 So.2d 106 (Fla.1988); Holiday v. State, 753 So.2d 1264 (Fla.2000); Cardenas v. State, 816 So.2d 724 (Fla. 1st DCA 2002).
Appellant also argues that the court should not have allowed the testimony of a witness on rebuttal who had not previously been disclosed to the defense. In this case, however, the witness was necessary to rebut unexpected testimony presented by the defense, which the state could not have anticipated, and there was accordingly no requirement for disclosure. Grant v. State, 474 So.2d 259 (Fla. 1st DCA 1985).
Affirmed.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] State v. Warren, 9 Neb.App. 60, 608 N.W.2d 617 (2000); Duckett v. State, 966 P.2d 941 (Wyo.1998); Barone v. State, 109 Nev. 778, 858 P.2d 27 (1993); State v. Gelormino, 24 Conn.App. 556, 590 A.2d 476 (Ct.App.1991); State v. Hunter, 142 Ariz. 88, 688 P.2d 980 (1984); State v. Kirtley, 162 W.Va. 249, 252 S.E.2d 374 (1978); State v. Bartlett, 136 Vt. 142, 385 A.2d 1109 (1978); State v. Abbott, 36 N.J. 63, 174 A.2d 881 (1961)

Apparently the federal constitution does not require such an instruction. Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (no constitutional infirmity in placing burden of proof of insanity on defendant.).