884 So.2d 377 (2004)
Nelson VELAZQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5750.
District Court of Appeal of Florida, Second District.
September 10, 2004.
James Marion Moorman, Public Defender, and Charles D. Peters, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Nelson Velazquez appeals his conviction and life sentence for attempted second-degree murder. We reverse based on fundamental error in the jury instruction on self-defense.
As part of the jury instruction on self-defense, the trial court gave an instruction on the forcible felony exception to self-defense. The trial court instructed the jury that "the use of force likely to cause death or great bodily harm is not justifiable if you find: 1. Nelson M. Velazquez was attempting to commit, committing, or escaping after the commission of Attempted Second Degree Murder with a Weapon." This instruction, based on section 776.041(1), Florida Statutes (2002), "is applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time." Cleveland v. State, 29 Fla. L. Weekly D1627, D1627, 2004 WL 1530876, ___ So.2d ___, ___ (Fla. 5th DCA July 9, 2004). Although defense counsel made no objection at trial, this court has held that the instruction essentially negates the defense and constitutes fundamental error when a defendant committed a single act and claimed self-defense. See Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004); see also Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). We appreciate the State's *378 candor in briefing this issue. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.