889 So.2d 937 (2004)
Howard Wayne CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3020.
District Court of Appeal of Florida, Fifth District.
December 17, 2004.
*938 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals from his conviction for second degree murder while carrying and discharging a firearm. His sole point on appeal is that the trial court committed fundamental error in instructing, in connection with his claim of self-defense, on the "forcible felony" exception to self-defense.
The defendant was charged with first degree murder in the shooting death of Braulio Ventura. The State presented testimony that after the defendant and Ventura argued in the parking lot of an apartment complex, the defendant went to this apartment, returned with a handgun and chased Ventura around a vehicle, eventually shooting him.
In a post-arrest statement recounted at trial, the defendant initially claimed that Ventura was armed, but later admitted that he did not actually see Ventura with a weapon. He did believe at one point, however, that the victim was reaching for a gun, that he had grabbed something from inside the vehicle. The defendant admitted that Ventura was shot during a chase around the car. The defendant thought Ventura was trying to open one of the car doors "where he could get behind something and shoot at me." The defendant denied pointing the gun directly at the victim, claiming all the gunshots he fired were warning shots fired into the ground or over the vehicle to scare the victim.
During the charge conference, the defense requested the standard jury instruction on self defense. This instruction includes justifiable use of deadly force by the defendant. Over the State's objection, the standard instruction on self defense was given:
An issue in this case is whether the defendant acted in self defense. It's a defense to the offense with which Howard Wayne Carter is charged if the death of Braulio Ventura resulted from justifiable use of force likely to cause death or great bodily harm.
Use of force likely to cause death or great bodily harm is justified only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to the defendant while resisting:
Another's attempt to murder the defendant, or any attempt to commit aggravated battery with a deadly weapon upon him.
A person is justified in using force unlikely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death to himself, or the imminent commission of aggravated battery against himself.

However, the use of force likely to cause death or great bodily harm is not justified if you find: Howard Wayne Carter was attempting to commit, committing or escaping after the commission *939 of premeditated murder or murder in the second degree, or manslaughter.

Two, Howard Wayne Carter intentionally provoked the use of force against himself, unless:
... (he) had exhausted every reasonable means to escape the danger ... or, in good faith the defendant withdrew from physical contact ... but Braulio Ventura continued to or resumed the use of force.
In deciding whether Howard Wayne Carter was justified in the use of force likely to cause death or great bodily harm, you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing Howard Wayne Carter need not have been actual, however, to justify the use of force likely to cause death or great bodily harm, the appearance of danger must have been so real that a reasonably cautious and prudent person, under the same circumstances, would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
The underlined language is the "forcible felony" exception to self-defense which instructs that "use of force likely to cause death or great bodily harm is not justifiable if you find that [the defendant] was attempting to commit, committing or escaping after the commission of premeditated murder or murder in the second degree, or manslaughter." It is based on section 776.041(1), Florida Statutes, which "is applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time." Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004). Accord Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA 2004); Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
As emphasized by this Court in Cleveland,
The forcible felony instruction is given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense as well as a separate forcible felony.
Where a separate forcible felony is not involved, the giving of the instruction negates the defense of self defense. Velazquez.
In the instant case, the defendant was charged with only one forcible felony, first degree murder. It was therefore error to give the instruction on the forcible felony exception to self-defense. Cleveland; Velazquez; Giles. This District, as well as the Second and Fourth Districts, have further held that this error is fundamental in nature and thus can be considered in the absence of an objection below. Cleveland; Velazquez; Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). See also Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004); Dunnaway v. State, 883 So.2d 876, 29 Fla. L. Weekly D2137 (Fla. 4th DCA Sept.22, 2004).[1] Fundamental error exists where an inaccurate and misleading instruction negates the defendant's only defense. Rich.
*940 Accordingly, the conviction is reversed and the cause remanded for a new trial, one in which no instruction on the forcible felony exception to self-defense is given.
REVERSED AND REMANDED FOR NEW TRIAL.
SAWAYA, C.J. and SHARP, W., J., concur.
NOTES
[1] The State urges application of harmless error analysis, claiming the evidence of self-defense was tenuous though acknowledging the defendant was entitled to an instruction however weak or improbable the evidence supporting that defense may be. See Wright v. State, 705 So.2d 102 (Fla. 4th DCA 1998); Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972). Fundamental error is not subject to harmless error review since by its nature, fundamental error is considered harmful. Reed v. State, 837 So.2d 366 (Fla.2002).