901 So.2d 899 (2005)
Eugene WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-115.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
Rehearing Denied May 18, 2005.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We reverse a conviction of aggravated battery because the trial court erroneously gave a circular and confusing jury instruction that nullified a claim of self-defense.
Eugene Williams was charged with a single count of aggravated battery upon a woman with whom he had been romantically *900 involved. Williams rejected the help of an assistant public defender and represented himself at trial.
Williams's defense was that he hit the victim in self-defense. The trial judge gave the standard jury instruction on the justifiable use of nondeadly force. See Fla. Std. Jury Instr. (Crim.) 3.6(G). The instruction contained the following language drawn from sections 776.041(1) and (2), Florida Statutes (2004), which concern situations when the defense of justifiable use of force is not available:
The use of force not likely to cause death or great bodily harm is not justifiable if you find:
1. That Eugene Williams was attempting to commit, committing, or escaping after the commission of an aggravated battery.

2. That Eugene Williams intentionally provoked the use of force against himself....
(Emphasis added).
In Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002), we held that this jury instruction "was applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time." Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). Where a defendant is charged only with an aggravated battery, and the defendant claims that the aggravated battery was in self-defense, giving the instruction improperly negates the self-defense claim. Id.; Giles, 831 So.2d at 1266; see also Dunnaway v. State, 883 So.2d 876, 878 (Fla. 4th DCA 2004); Hickson v. State, 873 So.2d 474, 475 (Fla. 4th DCA 2004); Carter v. State, 889 So.2d 937, 939 (Fla. 5th DCA 2004); Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004); Bates v. State, 883 So.2d 907, 907-08 (Fla. 2d DCA 2004); Velazquez v. State, 884 So.2d 377, 377-78 (Fla. 2d DCA 2004); Baker v. State, 877 So.2d 856, 857 (Fla. 2d DCA 2004); Zuniga v. State, 869 So.2d 1239, 1239-40 (Fla. 2d DCA 2004).
To give the section 776.041(1) jury instruction in a case such as this is to commit fundamental error. See Rich, 858 So.2d at 1210. Contrary to the state's argument, a "[f]undamental error is not subject to harmless error review [since b]y its very nature, fundamental error has to be considered harmful." Reed v. State, 837 So.2d 366, 369-70 (Fla.2002) (footnote omitted); accord Carter, 889 So.2d at 939 n. 1.
On the remaining issue, we find no error in the trial judge's handling of Williams's foray into self-representation. The court conducted an inquiry under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and determined that Williams knowingly and voluntarily invoked his right to self-representation. Minutes before the jury venire entered the courtroom for trial, Williams's refusal to accept the assistance of an assistant public defender did not trigger a right to a hearing under Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), adopted by Hardwick v. State, 521 So.2d 1071 (Fla.1988).
Reversed and remanded for a new trial.
WARNER and MAY, JJ., concur.