901 So.2d 989 (2005)
George ESTEVEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4874.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
Steven J. Hammer, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
George Estevez appeals a conviction and sentence for aggravated battery, and argues that the trial court committed fundamental error by instructing jurors in a single aggravated battery case that the defendant's use of force was not justifiable if he was attempting to commit, committing, or escaping after commission of an aggravated battery. We agree and reverse for a new trial.
Estevez was charged with one count, aggravated battery, for a stabbing occurring at a bar. In the course of his jury trial, Estevez claimed self-defense, alleging he was in fear of the victim, Walter Burgos, based on a 1993 incident in which Burgos had stabbed him four times. *990 When Estevez saw Burgos enter the bar with four other men, he was afraid there would be trouble and believed Burgos was going to start a fight. The men approached Estevez and Burgos began making verbal threats at Estevez from about two feet away. Burgos told him something like, "I ought to beat your ass." Before Burgos got close, Estevez tried to move to his left, but the group of men encircled him in a semi-circle, boxing him in. As Estevez testified, "I'm with my back to the bar, no way out. I had to protect myself." It was when Burgos came toward Estevez aggressively with his hands up, balled into fists, that Estevez pulled out his knife and stabbed Burgos once in the stomach and then ran out of the building.
In delivering the jury instructions, the trial court instructed the jury on self-defense as follows:
Now, an issue in this case is whether the defendant acted in self defense. It is a defense to the offense with which the defendant is charged if the injury to Walter Burgos resulted from the justifiable use of force likely to cause death or great bodily harm. The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting any attempt to commit felony battery or aggravated battery upon him.
* * *
However, the use of force likely to cause death or great bodily harm is not justifiable if you find, No. 1, the defendant was attempting to commit, committing or escaping after the commission of aggravated battery; . . .
(Emphasis added.)
After the jury rendered a guilty verdict, the trial court adjudicated Estevez guilty and sentenced him accordingly.
We hold that the trial court committed fundamental error by instructing jurors in a single aggravated battery case that the defendant's use of force was not justifiable if he was attempting to commit, committing, or escaping after commission of an aggravated battery. The fundamental error that occurred here was clearly harmful and deprived Estevez of a fair trial, as his sole defense was self-defense.
"Trial judges have wide discretion in decisions regarding jury instructions, and the appellate courts will not reverse a decision regarding an instruction in the absence of a prejudicial error that would result in a miscarriage of justice." Lewis v. State, 693 So.2d 1055, 1058 (Fla. 4th DCA 1997). "A court's decision to give a particular instruction should not be reversed `unless the error complained of resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury.'" Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002) (citation omitted).
Giles is very instructive to the result in the instant case. Estevez's case is essentially the same as that of the defendant in Giles, except that the self-defense involved in Giles was the use of non-deadly force rather than the use of deadly force, and Giles' trial counsel objected while Estevez's did not. However, the type of force has no bearing upon the resolution of this issue, and, moreover, even though Giles' counsel objected to the instruction, this court held in Giles that the error in that case constituted fundamental error.
The instruction given by the court (see infra) is based on section 776.041(1), Fla. Stat., which provides in pertinent part as follows:
The justification described in the preceding sections of this chapter is not available to a person who:

*991 (1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony[.]
While the charged offense of aggravated battery is indeed a "forcible felony" under section 776.08, Florida Statutes, this court noted in Giles that "the plain language of section 776.041 indicates that it is applicable only under circumstances where the person claiming self defense is engaged in another, independent `forcible felony' at the time." Id. at 1265. Nevertheless, just as in Giles, the present case "was not one where the alleged aggravated battery occurred while [the defendant] was attempting to commit, committing, or escaping after the commission of some other independent forcible felony." Id.
While Estevez was alleged to have committed only one act, aggravated battery, the trial court gave an instruction that "is normally given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self defense and a separate forcible felony." Id.; see Marshall v. State, 604 So.2d 799 (Fla.1992) (holding that section 776.041 jury instruction was proper on claim of self defense to felony murder charge where underlying felonies were burglary and aggravated battery). Giving such instruction under these circumstances forced the jurors to decide his guilt or innocence in a manner that was patently circular, confusing and had the overall effect of negating the defendant's sole defense. As this court reasoned in Giles,
The instruction given improperly told the jury that the very act Giles sought to justify itself precluded a finding of justification. Essentially, the jury was instructed that 776.041(1) would apply to preclude a self defense claim, when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self defense. Thus, even if the jury found that Giles' act of aggravated battery was committed in self defense, then the use of force was not justifiable because the act itself is a forcible felony. This reading, however, is erroneous because the proper test for determining the applicability of the instruction is not whether the self defense act itself could qualify as a forcible felony, but whether, at the time of the self defense, the accused was engaged in a separate forcible felonious act. See Perkins [v. State], 576 So.2d [1310] at 1311. Here, Giles was not engaged in a separate felonious act at the time of the alleged aggravated battery and so the instruction was inapplicable. At the very least, the instruction given was circular and confusing to the jury such that it basically negated Giles' defense.
Id. at 1266.
In arriving at the above conclusion, this court relied on Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001) (holding that an inaccurate, misleading jury instruction negating defendant's sole defense of entrapment was fundamental error and thus reviewable notwithstanding that there was no contemporaneous objection at trial); and Wadman v. State, 750 So.2d 655, 658 (Fla. 4th DCA 1999) (reversing conviction for aggravated assault with firearm, holding that incomplete and misleading instruction on circumstantial evidence was such that court could not say beyond reasonable doubt that instruction did not affect jury's verdict). Additionally, since Giles, this court and other district courts have continued to hold that it is fundamental error for the trial court to give the § 766.041 instruction when the defendant was not engaged in any other independent forcible felony at the time and the defendant's only defense is self-defense. See Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004).
*992 Moreover, in this case, where Estevez admitted the stabbing and argued only that it was justifiable based on self-defense, it is clear that there was a "reasonable possibility that the instruction may have led to the conviction" and therefore constituted fundamental error, since it negated Estevez's sole defense. See Dunnaway v. State, 883 So.2d 876 (Fla. 4th DCA 2004) ("[F]undamental error results where an inaccurate and misleading instruction negates a defendant's only defense.").
Based on the foregoing, we reverse Estevez's conviction and remand the case for a new trial in accordance with this opinion.
Reversed.
GUNTHER and HAZOURI, JJ., concur.