902 So.2d 331 (2005)
Mister HAWK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2093.
District Court of Appeal of Florida, Fifth District.
May 27, 2005.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Mister Hawk ["Hawk"] appeals his conviction for aggravated battery. Of the several *332 errors raised on appeal, we find one has merit and warrants reversal.
The charges against Hawk arose out of the stabbing of John Jones ["Jones"] as Jones tried to remove Hawk from the apartment of a neighbor, Sandra LoDico ["LoDico"], with whom Hawk was temporarily staying.
The State's primary witnesses at trial were LoDico and Jones, whose testimony was fairly consistent. Both described an unprovoked knife attack by Hawk. LoDico had let Hawk, who was homeless, stay at her apartment for a few nights. LoDico said that Jones, a neighbor with whom she used to "socialize," called her very early on the morning of August 23 and told her: "If you have anybody in your apartment, get them out, because your son's coming." She tried to wake Hawk, who was sleeping on the couch, but he would not awaken, so she asked Jones to remove him. Jones woke Hawk, and the two men began to fight. Jones was able to push Hawk outside and chased him to another apartment. Jones returned to LoDico's apartment and shortly thereafter, Hawk re-entered the apartment through the unlocked door and stabbed Jones in the side.
Jones testified that he told LoDico that, "If you have anybody there spending the night, you have them leave before your son gets here." Jones said that he shook Hawk and yelled and screamed at him to awaken him before pushing him out the front door. He acknowledged using racial epithets. He also acknowledged that he had been drinking and that alcohol affects him greatly because of his liver cirrhosis. He followed Hawk to another apartment, then returned to LoDico's apartment. While he was there, the door flew open, Hawk ran in, stabbed him, and then ran out again.
Hawk testified on his own behalf. His story differed in numerous respects from that told by LoDico and Jones. He described an unprovoked attack by Jones during which he had acted in self-defense, resulting in the accidental stabbing of Jones. He explained that he had met LoDico at a party several weeks before the incident, walked her back to her apartment later that night and the relationship took off from there. She gave him a key to the downstairs door and to her apartment within three days. They had an exclusive, intimate relationship and he considered her his girlfriend. Hawk testified that he was awakened in the early morning hours of August 23 by being pushed and shoved. He was naked and searching for clothes, while Jones screamed racial insults and demanded that he leave. Jones had a knife and smelled strongly of alcohol. Hawk said he had never been so frightened, even though he has been in a lot of fights. He heard LoDico in the background, saying, "Leave him alone" and "Don't hurt him." Hawk said he was able to grab his boxers and his shorts, but then Jones came back on him again, pushing with one hand and holding the knife in the other. Hawk grabbed his boots and swung, swiping at the knife, which caused Jones to lunge forward. That's when Hawk grabbed the knife and Jones was stabbed. Hawk testified that he went down to a friend's apartment, still carrying the knife, but did not leave the building. He went back to sleep until he was awakened by police.
Hawk was convicted of aggravated battery. On appeal, Hawk contends that the trial court erred in instructing the jury over objection that:
the use of force likely to cause death or great bodily harm is not justifiable if you find:

1. Mister Hawk was attempting to commit, committing, or escaping after *333 the commission of aggravated battery....

(R 80) (emphasis added). This instruction is based on section 776.041(1), Florida Statutes, which states:
776.041 Use of force by aggressor.
The justification described in the preceding sections of this chapter is not available to a person who:
(1) is attempting to commit, committing, or escaping after the commission of, a forcible felony....
However, the instruction "is applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time. More specifically, the forcible felony instruction is given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense as well as a separate forcible felony." Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004) (citations omitted). Giving this instruction where the only charge against the defendant is an aggravated battery, which is also the act done in self-defense, improperly negates the self-defense claim. Cleveland, 887 So.2d at 363; Rich v. State, 858 So.2d 1210, 1210 (Fla. 4th DCA 2003); Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002); see also Davis v. State, 886 So.2d 332 (Fla. 5th DCA 2004)(appellate counsel's failure to raise issue of improper use of force instruction constituted ineffective assistance of counsel).
The State urges that the giving of the instruction has not been preserved for review and does not amount to fundamental error. This court determined in Cleveland that giving the instruction rose to the level of fundamental error. Accord Carter v. State, 889 So.2d 937 (Fla. 5th DCA 2004). The Second and Fourth District Courts of Appeal have also held that the error is fundamental. Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA 2004); Dunnaway v. State, 883 So.2d 876 (Fla. 4th DCA 2004); Rich v. State, 858 So.2d at 1210; see also York v. State, 891 So.2d 569 (Fla. 2d DCA 2004)(appellate counsel was ineffective for failing to raise issue on direct appeal as fundamental error); Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003) (same).
We reverse and remand for a new trial.
REVERSED and REMANDED.
SHARP, W. and PALMER, JJ., concur.