908 So.2d 524 (2005)
Andrew BEVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5044.
District Court of Appeal of Florida, Second District.
July 8, 2005.
Rehearing Denied August 19, 2005.
Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for Appellant.
*525 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Andrew Bevan appeals his convictions for felony criminal mischief, two counts of assault, and one count of misdemeanor battery. We affirm his conviction for battery. We reverse his convictions for assault and criminal mischief because the trial court gave a jury instruction on self-defense that has been held to constitute fundamental error. See Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005).
Mr. Bevan was charged with battery, aggravated assault, and criminal mischief as a result of an altercation in which he allegedly confronted two men installing a pool enclosure on a neighbor's property. Mr. Bevan allegedly chased and threatened the men with golf clubs, threw their tools into a pool, and severely damaged their truck by ramming it with his car and beating the windows out with a golf club. The trial was delayed because Mr. Bevan was found to be incompetent.
At trial, Mr. Bevan argued that the battery never occurred, and his sole defense to the aggravated assault and criminal mischief charges was self-defense. The trial court instructed the jury that the use of force would not be justified if it found that Mr. Bevan "was attempting to commit, committing, or escaping after the commission of Aggravated Assault or Criminal Mischief." The jury convicted Mr. Bevan of battery, criminal mischief, and the lesser offense of simple assault.
The jury instruction given was circular. If a jury obeyed the literal language of the instruction, then it was required to find that the very acts which Mr. Bevan sought to justify as self-defense could not be considered self-defense. See Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003); Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002). Thus, we must reverse Mr. Bevan's convictions for assault and criminal mischief and remand the case for a new trial. See Hardy v. State, 901 So.2d 985 (Fla. 4th DCA 2005); Rich, 858 So.2d at 1210-11. Because self-defense was not an issue as to the charge of battery, that conviction is not affected by this issue. We have considered Mr. Bevan's remaining issues and conclude that they do not warrant reversal.
Affirmed in part, reversed in part, and remanded for a new trial.
WALLACE, J., and LEVENS, WILLIAM P., Associate Judge, Concur.