942 So.2d 932 (2006)
Yolinda Wright ZINNERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1172.
District Court of Appeal of Florida, Fifth District.
November 9, 2006.
*933 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Yolinda Zinnerman was charged with first-degree murder after she shot and killed her roommate, William Snyder. Her lone defense was self-defense[1] and the jury was instructed in that regard in the following manner:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. The defendant was attempting to commit or committing murder in the first degree or murder in the second degree or manslaughter. . . .
No objection was made to the instruction.
This particular instruction has been deemed the forcible felony exception and caselaw has held that it should only be given when the defendant is charged with at least two independent criminal acts. Hawk v. State, 902 So.2d 331 (Fla. 5th DCA 2005); Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004). Otherwise, the instruction is circular and negates the defense of self-defense. See Bevan v. State, 908 So.2d 524 (Fla. 2d DCA 2005); Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005); Williams v. State, 901 So.2d 899 (Fla. 4th DCA), review denied, 913 So.2d 598 (Fla.2005).
Several cases have recognized that instructing the jury in such a manner constitutes fundamental error and can be considered in the absence of an objection. See Carter v. State, 889 So.2d 937 (Fla. 5th DCA 2004), review denied, 903 So.2d 190 (Fla.2005); Cleveland; Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA), review denied, 890 So.2d 1115 (Fla.2004); Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). We are bound by our decisions in Carter and Cleveland. Accordingly, we reverse Zinnerman's conviction and sentence and remand for a new trial.
We certify the following question to the Florida Supreme Court as a matter of great public importance:
DOES FUNDAMENTAL ERROR OCCUR WHEN AN ERRONEOUS JURY INSTRUCTION RELATES ONLY TO AN AFFIRMATIVE DEFENSE AND NOT TO AN ESSENTIAL ELEMENT OF THE CRIME?
REVERSED and REMANDED; QUESTION CERTIFIED.
THOMPSON and LAWSON, JJ., concur.
SAWAYA, J., dissents without opinion.
NOTES
[1] The State argues that there was no evidence of self-defense, however there was testimony regarding the tension between Zinnerman and Snyder and evidence was introduced that Snyder's DNA was found on the knife that was found near his body. As stated in Brozey v. State, 911 So.2d 867, 868 (Fla. 2d DCA 2005), "[a] criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support this theory."