995 So.2d 515 (2007)
Kevin SLATTERY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4408.
District Court of Appeal of Florida, Fifth District.
January 26, 2007.
C. Michael Barnette of Law Office of C. Michael Barnette, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.

ON AMENDED MOTION FOR REHEARING/MOTION TO CERTIFY QUESTION
THOMPSON, J.
This cause is before us on Appellee's Motion for Rehearing and Motion to Certify Question. We deny the Motion for Rehearing but grant the Motion to Certify, and, accordingly, withdraw our former opinion of 1 December 2006, and substitute the following in lieu thereof.
Kevin Slattery was convicted of two counts of aggravated battery with a deadly weapon or causing great bodily harm for events arising from a single episode.[1] He raises several issues on appeal. We find that only one has merit, and reverse.
Slattery claimed self-defense, but objected when the court instructed the jury on the "forcible felony" exception to his self-defense claim. We find his objection was not specific enough to apprise the court of the grounds for his objection. See Lane v. State, 861 So.2d 451, 452-53 (Fla. 4th DCA 2003). Nevertheless, we conclude that fundamental error occurred. Where self-defense is the only defense asserted at trial, and evidence supports that defense, the giving of the forcible felony instruction may constitute fundamental error. Smith v. State, 933 So.2d 1275, 1277 (Fla. 2d DCA 2006); Carter v. State, 889 So.2d 937, 939 (Fla. 5th DCA 2004). The *516 instruction has been deemed fundamentally erroneous even where the defendant is charged with two acts, but claims self-defense to each. See Jackson v. State, 935 So.2d 107 (Fla. 4th DCA 2006); Ruiz v. State, 900 So.2d 733, 733-34 (Fla. 4th DCA 2005). We conclude that fundamental error occurred in this case.
As we did in Zinnerman v. State, 942 So.2d 932 (Fla. 5th DCA 2006), we certify the following question to the Florida Supreme Court as a matter of great public importance:
DOES FUNDAMENTAL ERROR OCCUR WHEN AN ERRONEOUS JURY INSTRUCTION RELATES ONLY TO AN AFFIRMATIVE DEFENSE AND NOT TO AN ESSENTIAL ELEMENT OF THE CRIME?
Accordingly, we REVERSE and REMAND for a new trial; QUESTION CERTIFIED.
PALMER and TORPY, JJ., concur.
NOTES
[1] § 784.045(1)(a), Fla. Stat. (2003).