965 So.2d 1204 (2007)
Bernard SLOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3120.
District Court of Appeal of Florida, Fifth District.
September 19, 2007.
*1205 James S. Purdy, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Bernard Sloss, Chipley, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, and Kristen L. Davenport, Assistant Attorneys General, Daytona Beach, for Appellee.
THOMPSON, J.
Bernard Sloss ("Sloss") appeals his conviction for aggravated battery with a deadly weapon. We reverse.
The charge against Sloss arose from a fight in his apartment complex. Sloss lived directly above McKinney Milsap ("McKinney") and McKinney's nephew, Frank Milsap ("Frank"). Sloss was playing music loudly after midnight on 21 February 2003. McKinney asked Sloss to turn down the music. When Sloss refused, McKinney walked across the street to complain to their landlord. Sloss joined their conversation and, as he walked away, said "I'll show you something." McKinney returned to his apartment.
According to McKinney and Frank, Sloss came downstairs, cursed at McKinney, and went to his car. Sloss then approached McKinney and cut McKinney's thigh with a knife. They fought, and Sloss stabbed McKinney several times. Frank went outside after hearing McKinney yell that he was cut. Frank tried to assist McKinney, but was cut three times by Sloss. Frank went inside, got a knife, and went back outside. Frank cut Sloss's hand, forcing Sloss to drop his knife.
According to Sloss, Sloss decided to move out of the apartment that weekend. After going downstairs, he was under his car's hood when he was hit in the back by a chair. He attempted to talk to McKinney, who threw the chair, but McKinney struck him three times. Sloss did not pull his knife until Frank came out of the apartment with a knife. Sloss then began to stab McKinney.
At trial, the defense requested the jury instruction of self-defense and did not object to the inclusion of the "forcible felony" portion of the instruction.
Sloss's jury instructions stated:
A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the imminent commission of aggravated battery.
However, the use of force likely to cause death or great bodily harm is not justifiable if you find [Sloss] was attempting to commit, committing or escaping after the commission of aggravated battery, or [Sloss] initially provoked the use of force against himself unless the force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm, and had exhausted every reasonable means to escape the danger. . . .
(Emphasis added).
This instruction is based on section 776.041(1), Florida Statutes (2003), which provides that the justification of self-defense or defense of others is not available to a person who "[i]s attempting to commit, committing, or escaping after the commission of, a forcible felony."
The jury found Sloss guilty. The court sentenced him to ten years' imprisonment *1206 followed by five years' probation. The issue is whether giving an instruction on the forcible felony exception to self-defense constitutes fundamental error, where the defendant allegedly engaged in two forcible felonies, but is charged with a single crime.
The forcible felony instruction should be given only where the defendant claiming self-defense engaged in an independent forcible felony at the time. See, e.g., Hawk v. State, 902 So.2d 331, 331 (Fla. 5th DCA 2005). "More specifically, the forcible felony instruction is given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense as well as a separate forcible felony." Id. (quoting Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004)); accord Carter v. State, 889 So.2d 937, 939 (Fla. 5th DCA 2004). Where the defendant is charged only with aggravated battery, the act for which the defendant claims self-defense, giving the forcible felony instruction improperly negates the self-defense claim. Hawk, 902 So.2d at 331; Cleveland, 887 So.2d at 363; Williams v. State, 901 So.2d 899, 899 (Fla. 4th DCA 2005). The instruction tells the jury that the very act the defendant seeks to justify precludes a finding of justification. Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002).
The State argues that Sloss did not object to the instruction at trial and that any error was harmless. However, several courts have held that giving the forcible felony instruction when the defendant is charged with only one crime constitutes fundamental error reviewable in the absence of an objection below. Hawk, 902 So.2d at 331; Carter, 889 So.2d at 939; Cleveland, 887 So.2d at 363. When the defendant admits the stabbing but argues solely self-defense, an instruction negating that defense creates a reasonable possibility that the instruction led to the conviction. See Estevez v. State, 901 So.2d 989, 992 (Fla. 4th DCA 2005); see also Dunnaway v. State, 883 So.2d 876, 878 (Fla. 4th DCA 2004) (quoting Rich v. State, 858 So.2d 1210, 1210-11 (Fla. 4th DCA 2003)).
The State argues that Sloss's aggravated battery against Frank constitutes an independent forcible felony sufficient to justify the forcible felony instruction in the prosecution for aggravated battery against McKinney. Courts considering similar scenarios have ruled that the forcible felony instruction is reversible error. The question turns on whether the defendant claims that he acted against both victims in self-defense; if so, the forcible felony instruction constitutes fundamental error. See Ruiz v. State, 900 So.2d 733 (Fla. 4th DCA 2005) (reversing two convictions for aggravated battery against two victims); see also Hernandez v. State, 884 So.2d 281 (Fla. 2d DCA 2004) (holding that the forcible felony instruction where the defendant claimed self-defense against four charges of aggravated battery constituted reversible error); Baker v. State, 877 So.2d 856, 857 (Fla. 2d DCA 2004) (involving a defendant's aggravated battery conviction against one victim and uncharged battery against another victim). It remains error no matter how credible the defendant's claim of self-defense. For example, a defendant convicted for felony criminal mischief and two counts of assault had claimed self-defense, despite confronting two men installing a pool enclosure, threatening them with golf clubs, throwing their tools into a pool, ramming their truck with his car, and beating their windows with a golf club. Nevertheless, giving the forcible felony instruction was fundamental error. See Bevan v. State, 908 So.2d 524 (Fla. 2d DCA 2005); see also Bates v. State, 883 So.2d 907, 907-08 (Fla. 2d DCA 2004) (holding that, despite defendant's alleged *1207 unauthorized display of a firearm against a mother and her two children in a Wal-Mart parking lot, the forcible felony instruction improperly negated his self-defense claim).
The State is correct to note that the statute and instruction are intended to prevent defendants from asserting self-defense when they initiate violence and engage in felonious acts. The portion of the forcible felony instruction dealing with provocation and retreat is acceptable for accomplishing that purpose. However, the issue here is the instruction in which jurors, upon finding Sloss committed aggravated battery, are precluded from considering the self-defense claim Sloss raises to justify the battery. In this case, giving the instruction takes consideration of Sloss's self-defense claim out of the jury's hands altogether. Sloss is entitled to a new trial without the forcible felony exception. As we did in Blanton v. State, 956 So.2d 480, 482 (Fla. 5th DCA 2007), Slattery v. State, 32 Fla. L. Weekly D305, ___ So.2d ___, 2007 WL 186947 (Fla. 5th DCA Jan. 26, 2007), and Zinnerman v. State, 942 So.2d 932, 933 (Fla. 5th DCA 2006), we certify to the Florida Supreme Court the following question of great public importance:
DOES FUNDAMENTAL ERROR OCCUR WHEN AN ERRONEOUS JURY INSTRUCTION RELATES ONLY TO AN AFFIRMATIVE DEFENSE AND NOT TO AN ESSENTIAL ELEMENT OF THE CRIME?
REVERSED and REMANDED; QUESTION CERTIFIED.
TORPY, J., concurs and concurs specially, with opinion.
ORFINGER, J., concurs in part, dissents in part, with opinion.
TORPY, J., concurring and concurring specially with opinion.
I concur because we are bound by Hawk v. State, 902 So.2d 331 (Fla. 5th DCA 2005). I agree with Judge Orfinger, however, that Hawk is wrong. I think Judge Klein's opinion in Bridges v. State, 878 So.2d 483 (Fla. 4th DCA 2004), correctly states the law on this issue. Because the erroneous instruction related to a defense, rather than an element of the crime, the error was not fundamental. Id. at 484.
This entire debate is, in my view, largely academic because, in the final analysis, Appellant would get a new trial because he was clearly prejudiced by the ineffectiveness of his lawyer in failing to object to the instruction.
ORFINGER, J., concurring in part and dissenting in part.
I agree with the majority decision to certify the question to the Supreme Court. However, I respectfully dissent from the remainder of the majority opinion, although I acknowledge that the majority opinion is consistent with this Court's opinion in Hawk v. State, 902 So.2d 331 (Fla. 5th DCA 2005). In Hawk, we held that when the only charge against a defendant is aggravated battery, and the defendant claims the act was done in self-defense, giving the forcible felony exception as part of the self-defense jury instruction improperly negated the self-defense claim and constituted fundamental error, reversible even in the absence of a contemporaneous objection. I disagree with that holding because I think Hawk is contrary to controlling Florida Supreme Court precedent and fails to distinguish between the failure to give an instruction requiring proof of an essential element of the crime and the failure to give an instruction relevant to an affirmative defense.
*1208 In State v. Delva, 575 So.2d 643 (Fla. 1991), the Florida Supreme Court said:
"[I]t is an inherent and indispensable requisite of a fair and impartial trial . . . that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence." Gerds v. State, 64 So.2d 915, 916 (Fla.1953). Instructions, however, are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960). To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown, 124 So.2d at 484. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla.1982) cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983).
Id. at 644-45 (emphasis added).[1]
Florida case law holds that the use of force exception to the self-defense instruction should not have been given under the circumstances of this case, as the majority opinion correctly observes. However, when, as here, the erroneous instruction goes to an affirmative defense and not to an essential element of the crime, I believe that controlling precedent holds that such an error should generally not be considered fundamental, but rather, should be treated like any other unpreserved trial error.
In Sochor v. State, 619 So.2d 285 (Fla. 1993), the defendant claimed that the trial court committed fundamental error when it failed to instruct the jury on voluntary intoxication as a defense to felony murder based on kidnapping. In rejecting that contention, our Supreme Court said:
[F]ailure to give an instruction unnecessary to prove an essential element of the crime charged is not fundamental error. Voluntary intoxication is a defense to, but not essential element of, kidnapping. . . . Because the complaint of instruction went to Sochor's defense and not to an essential element of the crime charged, an objection was necessary to preserve this issue on appeal.
Id. at 290; accord Wright v. State, 920 So.2d 21 (Fla. 4th DCA 2005) (stating that trial court's failure to sua sponte instruct jury on guilty knowledge did not constitute fundamental error in prosecution for possession of cocaine; availability of affirmative defense did not obviate defendant's responsibility to request instruction, issue of defendant's knowledge was not disputed at trial, and evidence did not support a finding of lack of guilty knowledge); Bridges v. State, 878 So.2d 483 (Fla. 4th DCA 2004) (explaining that unlike the failure to instruct on an essential element of a crime, the failure to instruct on a defense cannot be raised for the first time on appeal); Goode v. State, 856 So.2d 1101 (Fla. 1st DCA 2003) (reiterating that a *1209 trial court's failure to give an instruction unnecessary to prove an element of a crime, such as affirmative defense of self-defense, is not fundamental error); Alfaro v. State, 837 So.2d 429 (Fla. 4th DCA 2002) (holding that court's failure to instruct jury on good faith defense to charge of grand theft of a motor vehicle was not fundamental error, as instruction did not go to an essential element of theft); Muteei v. State, 708 So.2d 626 (Fla. 3d DCA 1998) (determining that defendant, who did not request self-defense instruction in attempted first-degree murder prosecution or object to instructions given, failed to preserve such issue for appellate review, where instruction went to defense, not to essential element of crime charge). But see Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005) (holding that jury instruction that use of force likely to cause death or great bodily harm was not justifiable if defendant was attempting to commit, committing or escaping after commission of aggravated battery was fundamental error); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA 2004) (holding that where a separate forcible felony is not involved, giving the use of force exception as part of the self-defense jury instruction negates the defense and constitutes fundamental error).
Unlike the situation in Sochor where the trial court did not instruct the jury on an affirmative defense, in this case, the trial court gave the jury an instruction on self-defense, albeit, an erroneous one. Consequently, this case may be more similar to Holiday v. State, 753 So.2d 1264 (Fla. 2000), and Smith v. State, 521 So.2d 106 (Fla.1988), than Sochor. In Holiday, the Supreme Court considered whether fundamental error occurred when the court erroneously instructed the jury, without objection, regarding the affirmative defense of entrapment. In Smith, the court confronted the same issue relating to the affirmative defense of insanity. In both cases, the court rejected the argument that fundamental error had occurred. In Smith, the court reasoned:
The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interest of justice presents a compelling demand for its application. Ray v. State, 403 So.2d 956 (Fla.1981). While we do recede from our view in [Yohn v. State, 476 So.2d 123 (Fla.1985),] concerning the inadequacy of the old standard jury instruction on insanity, we cannot say that it was so flawed as to deprive defendants claiming the defense of insanity of a fair trial. Despite any shortcomings, the standard jury instructions, as a whole, made it quite clear that the burden of proof was on the state to prove all of the elements of the crime beyond a reasonable doubt.
521 So.2d at 108.
It appears that the Supreme Court views the complete failure to instruct the jury on an affirmative defense somewhat differently than erroneously instructing the jury on an affirmative defense. In the former situation, the Supreme Court has concluded that no fundamental error occurs. See Sochor. In the latter situation, it appears that fundamental error may occur if the erroneous jury instruction results in a serious deprivation of due process. See Holiday; Smith.
Another consideration in my analysis is the salutary purpose served by the contemporaneous objection rule. Requiring a defendant to make a contemporaneous objection to an erroneous jury instruction relating to an affirmative defense prevents a defendant from agreeing to the jury instructions at trial, and then objecting to the instructions on appeal, as happened here. "Orderly procedure requires that *1210 the respective adversaries' views as to how the jury should be instructed be presented to the trial judge in time to enable him to deliver an accurate charge and to minimize the risk of committing reversible error. It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (footnotes omitted).
We should be cautious when expanding the concept of fundamental error. Fundamental error, in the jury instruction context, occurs only when "the omission is pertinent or material to what the jury must consider in order to convict," Delva, 575 So.2d at 645 (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)) (emphasis added), or if the jury instructions as a whole, are so flawed as to deprive the defendant of due process, Smith; Holiday. See also Battle v. State, 911 So.2d 85 (Fla. 2005) (explaining that fundamental error only occurs when the omission is pertinent or material to what the jury must consider in order to convict).
Here, the jury instruction error did not relieve the State of its burden to prove each element of the offense charged beyond a reasonable doubt. Consequently, I do not believe the defendant was deprived of due process. Instead, I conclude a contemporaneous objection was required to preserve the issue for review.
Because I view Hawk to be inconsistent with the Florida Supreme Court's opinions in Smith, Delva, Sochor, Holiday, and Battle, I respectfully dissent.
NOTES
[1] In State v. Cohen, 568 So.2d 49, 51-52 (Fla. 1990), the court explained:

An "affirmative defense" is any defense that assumes the complaint or charges to be correct but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question. An affirmative defense does not concern itself with the elements of the offense at all; it concedes them. In effect, an affirmative defense says, "Yes, I did it but I had a good reason."