972 So.2d 1062 (2008)
James TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3238.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
*1063 Michael Salnick of Salnick, Fuchs & Bertisch, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of attempted first degree murder among other crimes, and argues that the trial court committed fundamental error in giving the forcible felony exception as part of the self defense jury instruction. We reverse for a new trial.
Appellant shot two people, one intentionally, and the other, according to appellant, accidentally. The intended victim had allegedly threatened to kill appellant, and appellant testified when he heard that the victim was being released from jail he started carrying a gun because he was afraid. When appellant saw the victim, he observed the victim reach behind his back as if to pull a gun. Appellant then pulled his gun and shot the victim, and accidentally shot another person standing next to the victim.
With the agreement of the parties, the court instructed the jury, as part of the self defense instruction:
A person is justified in using force likely to cause death or great bodily harm, if he or she reasonably believes that such force is necessary to prevent:
One, imminent death or great bodily harm to himself or another. Or two, the imminent commission of a felony against himself or another; however, the use of force likely to cause death or great bodily harm is not justifiable if you find:
One James Tucker III was attempting to commit, committing or escaping after the commission of a felony. Or two, James Tucker III initially provoked the use of force against himself. [emphasis added.]
The state recognizes that this instruction can constitute fundamental error if the only forcible felony is the charged offense, because it negates the defense of self-defense. Malmsey v. State, 959 So.2d 1257 (Fla. 4th DCA 2007); Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005). The state argues that this case is distinguishable because appellant was charged *1064 with two forcible felonies, the attempted murder of the intended victim and the aggravated battery of the accidental victim. The problem with this argument is that there was no evidence to reflect that the shooting of the unintended victim was anything other than accidental and the jury, if properly instructed, could have found appellant not guilty as to both victims based on self defense. Nelson v. State, 853 So.2d 563 (Fla. 4th DCA 2003). As the fifth district explained in. Sloss v. State, 965 So.2d 1204, 1206 (Fla. 5th DCA 2007):
The question turns on whether the defendant claims that he acted against both victims in self-defense; if so, the forcible felony instruction constitutes fundamental error.
In this case appellant's theory of innocence was that all of the shots were fired in self-defense of the victim who threatened him.
Reversed for a new trial.
WARNER and FARMER, JJ., concur.