985 So.2d 1127 (2008)
Carlos CANCEL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-824.
District Court of Appeal of Florida, Fifth District.
June 6, 2008.
Rehearing Denied July 24, 2008.
*1128 James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Carlos Cancel appeals his conviction for murder in the second degree with a weapon. The issue for our determination is whether Cancel was deprived of a fair trial because the trial court erroneously instructed the jury on the forcible felony exception to the justifiable use of deadly force. We affirm.

Factual Background
Cancel drove to the Party Liquor store to purchase cigarettes and snacks. Parking in front of the store, Cancel proceeded toward the store's entrance, but Benjamin Finley, the victim, was in the way.[1] Cancel made physical contact with Finley so *1129 he could enter Party Liquor. They exchanged verbal unpleasantries, and Cancel, who is approximately 5'7", testified that Finley, approximately 6'8", threatened to "kick his ass" when he left the store. Cancel continued into the store, but instead of making his purchases, he turned around, waited for Finley to move away from the door, and left the store, returning to his car. As he pulled out and began to drive away, Finley threw a plastic bottle at Cancel's car. Cancel drove to the side of the Party Liquor store and got out to inspect for damage; there was none. Rather than simply leave, Cancel retrieved a wooden bat or stick from the trunk of his car and approached Finley, whose back was turned. As he came closer, Cancel asked Finley why he threw the bottle at his car. Finley turned around and either stepped toward or lunged at Cancel. In response, Cancel took a step back, got into a stance similar to a batter awaiting a pitch, swung and struck Finley in the head with enough force to cause his death. Cancel then fled the scene and disposed of the weapon.
Upon being developed as a suspect, Cancel was arrested and interviewed. After being advised of his constitutional rights, Cancel agreed to speak with the detective. During the interview, the detective tried to elicit Cancel's version of events, even suggesting the possibility that he had acted in self defense. Cancel was untruthful and steadfastly denied being present or knowing anything about the incident. However, apparently unbeknownst to Cancel, the Party Liquor store had a surveillance system that captured many of the events leading up to Mr. Finley's death.
At trial, the judge conducted a charge conference and discussed proposed jury instructions. Assistant state attorney Ashton objected to any instruction on self defense, which the trial court properly overruled. The trial judge then went through the self defense instruction line-by-line. Initially, the trial judge concluded that the forcible felony instruction did not apply because there was no evidence of an independent forcible felony. Ultimately, Ashton convinced the trial judge to give the instruction after arguing that Cancel's testimony supported a finding that he committed the independent forcible felony of aggravated assault. The requested instruction read, "However, the use of deadly force is not justifiable if you find ... the defendant was attempting to commit, committing or escaping after the commission of aggravated assault."[2]

Analysis
The forcible felony instruction precludes a claim of self defense in two situations. First, where the person claiming self defense is attempting to commit, committing, or escaping after committing a forcible felony. § 776.041(1), Fla. Stat. (2007). Second, where the person claiming self defense initially provoked the use of force.[3] § 776.041(2). Prior to the Florida supreme court decision in Martinez v. State, 981 So.2d 449 (Fla.2008), this court had held that giving the forcible felony instruction when there was no independent forcible felony was fundamental error requiring reversal. See Sloss v. State, 965 So.2d 1204 (Fla. 5th DCA 2007). After Martinez, giving such an instruction is still erroneous when there is no independent forcible felony, but may not rise to fundamental *1130 error. Where, as here, the challenged instruction involves an affirmative defense, as opposed to an element of a crime, fundamental error only occurs when the instruction is so flawed that it deprives the defendant of a fair trial. Martinez, 981 So.2d 449 (quoting Smith v. State, 521 So.2d 106, 108 (Fla.1988)). In making this determination, an extensive review of the record below is required. Id.
In Martinez, the defendant stabbed his girlfriend multiple times in the arm, face, chest, and even once in the back and was subsequently charged with attempted premeditated murder and aggravated battery with a deadly weapon. He raised a number of defenses, including self defense. Id. At trial, without objection, the jury was instructed that they could not find the defendant acted in self defense if he was attempting to commit, committing, or escaping after the commission of an attempted murder or aggravated battery. Id. The supreme court held the instruction erroneous because the defendant was not charged with an independent forcible felony. Id. Specifically, the act upon which the defendant's self defense claim rested was the same action underlying the charges against him. However, the supreme court did not conclude the erroneous instruction rose to the level of fundamental error because self defense was not the defendant's sole defense and because the claim of self defense was "extremely weak." Id.
Unlike the defendant in Martinez, the only defense Cancel raised at trial was self defense; it was predicated on the very act underlying the criminal charges brought against him. Consequently, the trial judge erred in acceding to the prosecutor's request to give the forcible felony jury instruction because it is designed for cases in which the accused is charged with at least two criminal acts: the act underlying the claim of self defense and a separate, independent forcible felony. Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004). As the supreme court noted in Martinez, it approved amendments to the self defense jury instruction in 2006, specifically providing that the forcible felony instruction should only be given when the defendant is charged with more than one forcible felony. See In re Standard Jury Instructions in Criminal Cases (No.2005-4), 930 So.2d 612 (Fla.2006). Here, the only forcible felony Cancel was charged with was the same one underlying his claim of self defense.
The fact that the trial court erroneously gave the instruction does not end this court's analysis. We must determine whether the erroneous instruction deprived Cancel of a fair trial, such that fundamental error was committed. The analysis would have been easier had Ashton not specifically requested and then argued the erroneous instruction during his closing argument. Notwithstanding this consideration, it is apparent, after reviewing the entire record, that Cancel's claim of self defense was extremely weak.
Cancel testified that he felt his life was threatened. However, Cancel admitted that he did not call the police because, "I just figured I could just avoid the whole situation and just leave." Furthermore, instead of simply driving away after observing that his car had sustained no damage from the plastic bottle, Cancel armed himself with a weapon and went out of his way to confront a very intoxicated, albeit large, man from behind and ultimately struck him with enough force to kill him. These actions undermine Cancel's claim of self defense. Also, at trial, the State presented the store's surveillance images of the events leading up to Finley's death. The jury viewed these images during the presentation of the State's case-in-chief, *1131 Cancel's cross-examination, and during their deliberations. They did not substantiate Cancel's version of the events.[4] Under these circumstances, we find that the erroneous instruction did not deprive Cancel of a fair trial.
AFFIRMED.
PLEUS, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
I recognize that this is a quixotic effort, but since the supreme court, in Martinez,[1] expressly deferred a decision as to whether the giving of an erroneous forcible-felony instruction can constitute fundamental error, I write to raise a single point. Our earlier Sloss opinion[2] said  and the Supreme Court in Martinez appears to accept  that the forcible-felony exception is an instruction on an affirmative defense. To me, it is an avoidance of an affirmative offense and should be treated for fundamental error analysis purposes like any other element where the State has the burden of persuasion.
In Sochor v. State, 619 So.2d 285, 290 (Fla.1993), the high court had found that the complete failure to give an instruction on voluntary intoxication was not fundamental error because voluntary intoxication was a defense to the charged offense. The instruction at issue, however, does not involve a failure to instruct on the defense of self-defense.[3] As in Sloss, the jury received that instruction. What is at issue here is an additional instruction in avoidance of the affirmative defense. See § 776.041(1), Fla. Stat. (2007) ("The justification described in the preceding sections is not available to a person who...."). As the Supreme Court in Martinez acknowledges, this instruction effectively relieved the State of its burden to prove that defendant did not act in self-defense. Martinez v. State, 981 So.2d 449, 455 (Fla.2008). See generally State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998) ("If a defendant establishes a prima facie case of self-defense, the state must overcome the defense by rebuttal, or by inference in its case in chief."); Hernandez Ramos v. State, 496 So.2d 837, 838 (Fla. 2d DCA 1986) ("The state has the burden of proving guilt beyond a reasonable doubt, which includes proving beyond a reasonable doubt that the defendant did not act in self-defense," citing Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984)).
Before Martinez, I would not have been able to agree with the majority's conclusion that the giving of the erroneous instruction was harmless error in this case. But after Martinez, the test appears to be whether, "even if the forcible-felony instruction had not been read to the jury, *1132 the possibility that the jury would have found [Cancel] not guilty ... by reason of self-defense is minimal at best." Martinez, 981 So.2d at 456. The only witness who testified was the defendant, and he testified that the victim charged him with arms outstretched. The surveillance video may not substantiate Cancel's version of events, but neither does it refute his testimony. Under Martinez, we now appear to have one of those "no reasonable judge" tests. If any reasonable judge can say that the chances of acquittal were "minimal at best," the error in giving this instruction  even though everyone seems to agree it negates the defendant's only defense  is harmless.
NOTES
[1] Finley had been in and out of the store for a number of hours drinking. As the medical examiner testified, Finley's blood alcohol was.241, three times the legal limit.
[2] Although Cancel's attorney commented that Ashton's logic for requesting the instruction was "torturous", he made no objection when the trial judge asked whether either side objected to the instructions as given. The only objection preserved was failure to instruct on the lesser offense of felony battery.
[3] There are two exceptions to this latter situation that are inapplicable to the case at bar.
[4] This court reviewed the surveillance and still photographs as part of the review of the record.
[1] Martinez v. State, 981 So.2d 449 (Fla.2008).
[2] Sloss v. State, 965 So.2d 1204 (Fla. 5th DCA 2007).
[3] It is clear that self-defense is an affirmative defense, as the defense essentially concedes the charged offense, but then seeks to interpose other facts as a valid excuse or justification for the conduct in question. State v. Cohen, 568 So.2d 49 (Fla. 1990). As the court explained in Cohen, "An affirmative defense does not concern itself with the elements of the offense at all; it concedes them. In effect, an affirmative defense says, `Yes, I did it, but I had a good reason.'" Id. at 52. The instruction here concerns the State's obligation to disprove the defendant's right to the defense. The erroneous instruction informs the jury that the defendant was not justified in the use of non-deadly force if he was attempting to commit, committing, or escaping after the commission of another forcible felony.