SHIVERS, Judge.
Appellant, Alexander Mason, appeals his battery conviction, arguing that the trial court erred in giving the jury a confusing and irrelevant instruction. We find that reversible error did occur.
The appellant was originally charged with the aggravated battery of both Jay Catches and Duke Cook, and proceeded to jury trial. The trial testimony indicated that Catches was standing in his yard when he heard two neighbors, appellant and *166 Cook, arguing in Cook’s girlfriend’s yard across the street. Appellant and Cook eventually moved to Catches’ yard and involved him in the argument. At some point, appellant threatened to cut Catches, and Catches kicked the appellant. Appellant then stabbed Catches and hit Cook with a metal pipe. The defense maintained that Catches saw appellant and Cook arguing in Cook’s yard, crossed the street because he also had a “bone to pick” with appellant, struck appellant first, and that only then did appellant cut Catches in self-defense.
At the charge conference, the State requested that the jury be given the instruction on self-defense in the home, modified as follows:
If a person is attacked in his own home or on his own premises, he has no duty to retreat and has the lawful right to stand his ground and meet force with force even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to himself or another of a forcible felony.
Over defense counsel’s objection, the court found the modified instruction to be appropriate, stating that the instruction “deals perhaps largely with the alleged victim’s right to act in self-defense, but I think it’s pertinent to the facts of the case and ought to be given.” After closing argument, however, the court gave the jury the following instruction:
Now, if the defendant was attacked in his own home or on his own premises, he had no duty to retreat and had the lawful right to stand his ground and meet force with force, even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to himself or to prevent the commission of a — of aggravated battery upon him.
After all jury instructions had been given, the State pointed out that the court had given the regular instruction on self-defense in the home, as opposed to the modified instruction which had been requested, and asked that the jury be reinstructed. The defense again voiced an objection to the instruction, and argued that rereading the instruction at this point would only highlight it to the jury and prejudice the defendant. The jury was then called back in and given the following instruction by the court:
Ladies and gentlemen, as a part of the instruction which I read to you earlier on the justifiable use of deadly force which you will recall was a pretty lengthy instruction, there is one slight change which I want to make and one very small part of in instruction. And I do want to instruct you that if the defendant or any other person is attacked in his own home or on his own premises, he has no duty to retreat and has the lawful right to stand his ground and to meet force with force even to the extent of using force likely to cause death or great bodily harm and if it was necessary to prevent death or great bodily harm to himself or the commission of a forcible felony such as aggravated battery upon him. Now, the instructions which I have previously gave you on the justifiable use of deadly force are also still in full force and are not modified by anything that I have just said. They are still as I instructed you earlier, and as this modification is given only to inform you that the rule just stated applies to the defendant or to any other person in like circumstances.
So with that modification then, the jury may retire to begin their deliberations ....
(emphasis supplied) Appellant was found guilty of aggravated battery of Cook and simple battery of Catches. His motion for new trial was denied and he appealed, arguing that the court erred in giving the jury a confusing and irrelevant instruction which called attention to the victim’s right to defend himself at home, rather than the defendant’s right to use self-defense.
We agree. The first jury instruction given by the court was inappropriate to the facts of the instant case since there was no evidence that any part of the altercation occurred in the defendant’s home. The second, modified, instruction corrected *167 the first instruction to conform with the evidence presented, and with the State’s theory that the altercation occurred in the victim’s (Catches) yard and that Catches acted in self-defense. The modified instruction, however, was irrelevant because Catches was not charged with any offense, and whether or not he acted in self-defense was not at issue. As in Butler v. State, 493 So.2d 451 (Fla.1986), the modified instruction was misleading and confusing since it tended to shift the focus away from the issue of whether the defendant was justified in the use of force, and to place emphasis on whether the victim Was justified in defending himself — a question which was not at issue in this case. Further, even the standard instruction on use of force in the home would have been irrelevant in this case, since there is no evidence that the altercation took place in the defendant’s home. Because the jury was called back into the courtroom and read the modified instruction, by itself, there exists at least a reasonable possibility that the erroneous instruction affected the jury’s verdict. We therefore reverse the appellant’s conviction of battery on Catches, and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
JO ANOS, C.J., and SMITH, J., concur.