BASKIN, Judge
(dissenting).
I am unable to agree with the majority’s conclusion that the jury’s question does not evidence any confusion. One does not seek clarification if one is not confused: confusion as to the charges against defendant warrants granting defendant’s motion for new trial.
“A misleading jury instruction creates both fundamental and reversible error.” Pugh v. State, 624 So.2d 277, 279 (Fla. 2d DCA 1993). The instruction impermissibly defined the submitted charge of burglary, in terms of criminal mischief, a charge of which the court had acquitted defendant by granting the motion for judgment of acquittal. See Keys v. State, 606 So.2d 669 (Fla. 1st DCA 1992). The court should not give misleading instructions, see Butler v. State, 493 So.2d 451 (Fla. 1986), and in view of the jury’s question, there exists a reasonable possibility that the erroneous instruction affected the verdict. Mason v. State, 584 So.2d 165 (Fla. 1st DCA 1991). The jury’s question reflects its inability to reconcile the instructions with the charge it was required to resolve. An instruction without reference to criminal mischief would have obviated the jury’s confusion and there would have been no question seeking clarification. Moreover, the majority’s conclusion that the court found sufficient evidence of defendant’s intent to commit criminal misehief and granted the motion for acquittal on other grounds is unsupported by the record,[1] and may not be assumed on *177 appeal. Because there is a reasonable possibility that the instruction confused the jury, I would reverse the conviction and remand for a new trial.

. At the close of the state’s case the defense moved for judgment of acquittal on both counts. The following discussion regarding the criminal mischief count ensued:
Ms. Gray: The motion for judgment of acquittal with respect to the criminal mischief— The Court: Has anybody read this Information except me? There is nothing in the Information about any clothing. At least I can't find anything. It talks about a door and ceiling.
[[Image here]]
[I]s there any evidence before me as to when the door was broken or who broke the door? I understand there is circumstantial evidence: Because he came out, he broke the door. But is there any evidence before this jury as to when the door was broken? Is there anything that would stop them from thinking the door had been opened, and two people walked in and decided to do a burglary?
[[Image here]]
I am trying to find out what ties Mr. Miranda to breaking the door. According to Mr. Coll, it was broken by a truck. He said so.
[[Image here]]
You have to prove the allegations that are in the Information, counsel. I am not telling the state how to direct this.
[[Image here]]
Once again, you are telling me the only evidence that these people broke the door and the ceiling is by virtue of the fact they were on the property. That's the only thing that ties them in?
Mr. Mansfield: Circumstantial, yes.
The Court: Anything further?
Ms. Gray: Judge, no, not at this time.
The Court: All right. The motion is denied as to Count II; it's granted as to Count I.
[T. 342 — 349]. Nothing in the discussion indicates any consideration of intent or any matter other than the state's failure to prove the allegation in the Information.