WOLF, C.J.
Desmond Byrd challenges his conviction and sentence for manslaughter. Appellant raises six issues on appeal, one of which has merit and is discussed herein: Whether the trial court erred in modifying the jury instruction concerning justifiable use of deadly force in self defense or defense of others.[1] We find the modified instruction given by the trial court was misleading and confusing; therefore, we reverse and remand for a new trial.
After a football game in August 2000, appellant and three of his friends got into a verbal altercation with another group of boys. The altercation escalated into a fight. Sometime during the altercation appellant got a baseball bat. He asserted that he initially pounded the bat on the ground to break up the altercation, but he became frightened and swung the bat again at someone coming at him from the side. Matthew Pritchard, who had been *344 watching the confrontation, was struck on the head when appellant swung his bat. Pritchard immediately collapsed to his knees, was unable to get up, was bleeding from his ear, and lost consciousness. Pritchard died five days later from a head injury.
There were a number of eyewitnesses who testified that appellant hit Pritchard with a hard swing of his bat on the side or back of the head. Appellant testified that he swung the bat in self defense and he only hit the victim in the shoulder and not the head. He asserted that any head injuries must have been inflicted by another party.
Based upon appellant’s assertion of self defense, the trial court gave an instruction on justifiable use of deadly force. Over defense objection, the trial court gave a modified version of the standard instrdction on justifiable use of deadly force, Florida Standard Jury Instruction (Criminal) 3.04(d).[2] The underlined portions of the instruction quoted below is the language which was added by the trial court at the State’s request:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
[[Image here]]
2. Desmond Lavan Byrd or the persons he was seeking to defend initially provoked the use of force against himself, or themselves unless:
(a) The force asserted toward the defendant or others was so great that he reasonably believed that he was in imminent danger ... and had exhausted every reasonable means to escape the danger. ...
The appellant argues that the modifications in the standard jury instruction shifted the jury’s focus from his behavior to the behavior of the persons he was seeking to defend. We agree.
Modifications to the standard jury instructions on the issue of self defense which are misleading, confusing, or misstate the law may result in reversible error. See Mason v. State, 584 So.2d 165 (Fla. 1st DCA 1991). The modified instruction in this case improperly shifted the jury’s attention from whether appellant’s behavior provoked the incident to whether someone else may have been the initial cause of the use of deadly force. The instruction as read could be reasonably understood to mean appellant was not entitled to assert self defense based upon the actions of one of his friends.[3] This is not the law. See § 776.041, Fla. Stat (2000).
We are, therefore, constrained to reverse and remand for a new trial.
LEWIS and POLSTON, JJ., CONCUR.

. We share appellant’s concern that the modified instruction on non-deadly force violated the precepts of Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), but in light of our resolution of this case, it is unnecessary for us to reach that issue.

. Renumbered as Florida Standard Jury Instruction (Criminal) 3.6(f).

. We note that this is not necessarily a case where two people were acting in concert, and the modified instruction did not limit its application to that particular situation.