916 So.2d 861 (2005)
Jan Barry SHEPARD, Petitioner,
v.
James V. CROSBY, Jr., Respondent.
No. 4D04-4393.
District Court of Appeal of Florida, Fourth District.
October 19, 2005.
Rehearing Denied January 12, 2006.
*862 Steven H. Malone of Steven H. Malone, P.A., West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
The defendant petitioned this court for a writ of habeas corpus. He argues his appellate counsel was ineffective on direct appeal. We agree, grant the petition, reverse the defendant's conviction, and remand the case for a new trial.
On September 22, 2001, in the parking lot of a restaurant in Palm Beach County, the defendant was engaged in a verbal altercation with members of the Outlaws motorcycle group. A struggle ensued where the defendant was fighting for possession of his firearm with one of the victims, Donald Maines. During the struggle, several shots were fired, fatally wounding Maines and seriously injuring another victim, Wesley Parker. The defendant then fled the scene in his vehicle, during which he ran over Maines and hit two bystanders, Jason Miller and Gary Harrington, seriously injuring both.
The state charged the defendant with second-degree murder as to victim Maines, aggravated battery with a firearm as to victim Parker, two counts of aggravated battery with a deadly weapon (the vehicle) as to victims Miller and Harrington, and possession of a firearm during commission of a felony. The defendant argued self-defense as to all five counts. The jury found the defendant guilty as charged.
To demonstrate ineffective assistance of appellate counsel, the defendant must prove a specific error or omission committed by appellate counsel that had a prejudicial impact on the appeal. See Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The error or omission must fall outside the range of professionally acceptable performance, and compromise the appellate process, thus, undermining the confidence in the fairness and correctness of the outcome. Id.
*863 Here, the defendant argues his appellate counsel was ineffective for failing to challenge a specific portion of the self-defense jury instruction given by the trial judge over a defense objection. He suggests the instruction given by the court was circular in nature and, thus, vitiated his defense. We agree.
The instruction complained of by the defendant was taken from the language of section 776.041(1), Florida Statutes (2002),[1] which concerns situations where the use of deadly force is not justified. It charged the jury that the defendant's "use of force likely to cause death or great bodily harm is not justifiable if ... [the defendant] was attempting to commit or committing second degree murder or aggravated battery with a firearm." The jury was instructed in the following manner concerning self-defense:
An issue in this case is whether the defendant acted in self-defense.
It is a defense to the offense of which [the defendant] is charged if the death of Donald Maines and/or injury to Wesley Cliff Parker and/or injury to Gary Dewayne Harrington and/or the injury to Jason Christopher Miller and/or possession of the firearm by [the defendant] resulted from the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting:
1: Another's attempts to murder.
Or 2: Any attempt to commit aggravated battery upon him.
A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent:
1: Imminent death or great bodily harm to himself or another.
Or 2: The imminent commission of aggravated battery against himself or another.
However, the use of force  however, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1: [the defendant] was attempting to commit or committing second degree murder or aggravated battery with a firearm.
Or 2: [the defendant], initially provoked the use of force against himself ...
(emphasis added). The defendant suggests this circular instruction negated his only defense, that of self-defense, to the charged offenses.
We have recently re-emphasized that fundamental error results when a trial court gives the section 776.041(1) jury instruction in cases where the defendant is charged with an offense as to which the defendant relies on self-defense. See Craven v. State, 908 So.2d 523 (Fla. 4th DCA 2005); see also Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005); Fair v. State, 902 So.2d 965 (Fla. 4th DCA 2005).
In Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002), we held that this jury instruction "was applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time." Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). Where a defendant is charged only with an aggravated battery, *864 and the defendant claims that the aggravated battery was in self-defense, giving the instruction improperly negates the self-defense claim. Id.

Williams v. State, 901 So.2d 899, 900 (Fla. 4th DCA 2005). Simply put, section 776.041(1) "does not apply when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense." McGahee v. State, 600 So.2d 9, 11 (Fla. 3d DCA 1992). The statute does apply, however, "where the accused is charged with at least two criminal acts, the act for which the accused is claiming self defense and a separate forcible felony." Estevez, 901 So.2d at 991 (quoting Giles, 831 So.2d at 1265); see also Marshall v. State, 604 So.2d 799 (Fla. 1992).
In Marshall, the defendant was charged with felony murder where the underlying felonies were burglary and aggravated battery. 604 So.2d at 803. At trial, the defendant argued self-defense with regard to the felony murder charge. At the end of trial, the court instructed the jury using the language contained in section 776.041(1), Florida Statutes. The defendant was convicted as charged and appealed the trial court's use of the instruction. Id.
On appeal, the Florida Supreme Court affirmed the defendant's conviction. Id. at 806. The court found the instruction proper where a defendant is charged with felony murder and the underlying felony is a "forcible felony." Id. at 803. Thus, "self defense is legally unavailable to a person who `[i]s attempting to commit, committing, or escaping from the commission of, a forcible felony.'" Id. (quoting § 776.041(1), Fla. Stat.)
The defendant claimed self-defense with respect to each offense, leaving no separately charged "forcible felony" to cause section 776.041(1) to apply. See Bevan v. State, 908 So.2d 524 (Fla. 2d DCA 2005) (section 776.041(1) instruction inapplicable where the defendant was charged with two offenses, both of which he argued were committed in self-defense).[2] Giving this instruction here is, therefore, error. "[F]ailure of appellate counsel to argue that the jury instruction on justifiable use of force constituted fundamental error was ineffective assistance of appellate counsel." See Ortiz v. State, 905 So.2d 1016, 1017 (Fla. 2d DCA 2005) (quoting York v. State, 891 So.2d 569, 571 (Fla. 2d DCA 2004)).
We, therefore, grant the petition, reverse the defendant's conviction, vacate his sentence, and remand the case for a new trial. We have considered the defendant's remaining issue and find it without merit.
GUNTHER, STONE, and HAZOURI, JJ., concur.
NOTES
[1] This statute provides that the justifiable use of force defense is not available to an accused who "[i]s attempting to commit, committing, or escaping after the commission of a forcible felony."
[2] The state argues in its response that the challenged instruction is appropriate as to counts III and IV. However, the instruction was read as applying to all the counts with which the defendant was charged. We agree, under the facts of this case, that the forcible felony instruction could have been given as to counts III and IV. The evidence would have supported a jury instruction that the use of force was not justified if it found the defendant was escaping after the commission of a forcible felony. § 776.041(1). So long as the jury first determined the defendant was guilty of count I and/or count II, without the use of the circular instruction, it could consider either one as a separate forcible felony with respect to counts III and IV.