935 So.2d 107 (2006)
Benny J. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-699.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
*108 Sebastian Cotrone, Special Public Defender, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
Following an altercation at a transfer dumping station, appellant was charged and convicted of felony battery for stabbing Patrick Nelson and of aggravated assault with a deadly weapon for threatening Leroy Bailey with a knife. We reverse because it was fundamental error for the trial court to charge the jury on the "forcible felony" exception to self-defense where there was no independent felony and the jury could have concluded that the "forcible felony" was the charged crime to which the defendant claimed self-defense.
Leroy Bailey, a self-employed tree trimmer, testified that on the afternoon of August 29, 2003, he and Patrick Nelson were at a transfer dumping station to unload a truck full of debris. Bailey testified Nelson informed him that appellant, who had been unloading a truck, was looking in the cab of Bailey's truck. Bailey asked appellant if he had a problem, and Nelson and appellant began arguing. According to Bailey, when he turned around, he noticed appellant had a knife and yelled this to Nelson. Bailey testified appellant rushed Nelson and stabbed him. In the meantime, Bailey grabbed a shovel and struck appellant twice. Appellant came at Bailey, swinging the knife. Nelson testified and basically confirmed Bailey's story.
Appellant gave a taped statement and testified at trial, maintaining that he acted in self-defense. Appellant explained he was at the transfer station to earn extra money and a guy he knew had given him two containers of peanut oil. According to appellant's trial testimony, he then ran into two men, Bailey and Nelson, one of whom asked what was in the containers. Appellant said he put the two containers down and was helping to direct a truck that was backing up when Nelson began using profanity and calling him a "bloodclot." Appellant stated that he told Nelson *109 to leave him alone, but Nelson grabbed a tree limb from the truck and struck him in the face. Appellant backed up and went down on his knee. He heard a shovel dragging the ground and saw Bailey come around the side of the truck with a shovel in his hand. Appellant testified that with Nelson on one side of the truck and Bailey on the other, he was pinned at the back of his truck. According to appellant, it was only when Bailey took a swing at him with the shovel that he pulled out his knife. Nelson then came around the side of the truck and "got stuck" with the knife.
With regard to appellant's defense of self-defense, the jury was instructed that appellant was not justified in using either deadly force or non-deadly force if the jury found appellant "was attempting to commit, committing, or escaping after the commission of felony battery and/or aggravated assault." Appellant now contends the above-quoted jury instructions constituted fundamental error. We agree. The complained-of jury instructions have their genesis in section 776.041, Florida Statutes (2003), entitled "Use of force by aggressor," which provides, among other things, that the use of force is not available as a defense to one "who . . . [i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." See, e.g., Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002). Both crimes with which appellant was charged qualify as a "forcible felony." § 776.08, Fla. Stat. The plain language of section 776.041(1), though, is such that the instruction is appropriately applied "only under circumstances where the person claiming self-defense is engaged in another, independent `forcible felony.'" Giles, 831 So.2d at 1265 (citing Perkins v. State, 576 So.2d 1310 (Fla.1991)). Consequently, in cases where the defendant is charged with the commission of a single crime and the jury is instructed that the use of force is not justified if it finds the defendant "was attempting to commit, committing, or escaping after the commission of [the crime with which the defendant was charged]," the courts have held the jury instruction is circular and, where the effect of the instruction is to negate the defendant's only defense, such an error is fundamental. See, e.g., Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003).
The State seeks to distinguish the line of authority represented by Estevez, arguing that the giving of the instruction in this case did not completely negate appellant's defense as he was charged with two forcible felonies, i.e., the felony battery against Nelson and the aggravated assault against Bailey. Thus, under the State's argument, the instruction was appropriately given because appellant would not be justified in using force against Bailey if the aggravated assault on Bailey was committed while appellant was committing or attempting to commit the felony battery on Nelson, and appellant would not be justified in using force against Nelson if the felony battery on Nelson was committed while appellant was committing or attempting to commit the aggravated assault on Bailey. First, the State's argument ignores the manner in which the jury was actually instructed. The jury was not instructed that appellant was not justified in using force against Nelson if the felony battery against Nelson was committed while he was committing or attempting to commit the aggravated assault on Bailey. Instead, the felony battery and aggravated assault charges were lumped together for purposes of the self-defense instructions and the jury was simply instructed that appellant was not justified in using force if appellant "was attempting to commit, committing, or escaping after the commission *110 of felony battery and/or aggravated assault." Such instruction allowed the jury to find that appellant was not justified in using force against Nelson if the felony battery against Nelson occurred while he was committing the felony battery against Nelson. Likewise, the instruction allowed the jury to find that appellant was not justified in using force against Bailey if the aggravated assault with a deadly weapon against Bailey happened while appellant was committing the aggravated assault with a deadly weapon against Bailey. Thus, the same circularity that compelled reversal in Estevez and other similar cases is present here. Second, the facts of the instant case are such that they are governed by the decisions in Shepard v. Crosby, 916 So.2d 861 (Fla. 4th DCA 2005), review denied sub nom. McDonough v. Shepard, 930 So.2d 622 (Fla.2006), and Ruiz v. State, 900 So.2d 733 (Fla. 4th DCA 2005), holding that the giving of a standard instruction patterned after section 776.041(1) is error unless there is a separate, independent forcible felony for which the defendant is not claiming self-defense.
In this case, Nelson and Bailey testified that appellant was the aggressor and that Bailey did not grab for a shovel until after appellant pulled out a knife. Appellant, on the other hand, testified that Nelson and Bailey were the aggressors and that he pulled out his knife only after Nelson had hit him in the face with a tree branch and only after he saw Bailey with the shovel. The instruction given the jury served to negate appellant's sole defense to the charged crimes. Thus, the giving of the erroneous instruction was fundamental error that compels reversal, despite defense counsel's failure to object at trial.[1] We, therefore, reverse appellant's convictions and remand for a new trial.
Reversed and Remanded.
SHAHOOD and MAY, JJ., concur.
NOTES
[1] Our holding renders moot appellant's second point on appeal, wherein he claims that a myriad of instances of ineffective assistance of counsel compel reversal of his conviction.