DAMOORGIAN, C.J.
Celestor Ortez Gregory appeals his judgment and sentences for robbery with a weapon and battery. Appellant argues that the trial court erred in its instructions to the jury on self-defense and by denying his motion for judgment of acquittal on the *653 robbery count. Appellant also argues that his convictions for robbery with a weapon and battery violate double jeopardy. We find no error based on double jeopardy or the denial of the judgment of acquittal. However, we reverse because the trial court erred by instructing the jury on the forcible-felony exception to self-defense.
The following facts are relevant to this appeal. Appellant walked into a liquor store, took a bottle of vodka, and left without paying for it. The owner followed Appellant to his vehicle and a physical altercation ensued. Appellant was arrested and the case proceeded to trial on charges for robbery with a deadly weapon involving an aggravated battery, aggravated battery, and resisting a merchant.
At trial, the owner testified that he asked Appellant to stop as he followed him into the parking lot. However, Appellant “took off running” and got into his car. The owner noticed that the window was down and reached inside to remove the key from the ignition. By the time Appellant started to accelerate, two thirds of the owner’s body was inside the car window. The owner locked his arm into the steering wheel to resist Appellant’s efforts to leave the parking lot, forcing Appellant to steer the car into a curb.
According to the owner, Appellant began hitting him, cursing at him, and threatening to kill him. Appellant demanded that the owner get out of his ear as the owner continued to try to remove the key from the ignition. Appellant placed the owner in a headlock and the owner bit Appellant on the arm. Ultimately, Appellant hit the owner in the head with the stolen bottle of vodka. The bottle broke and Appellant motioned as if he was going to hit the owner with the jagged glass. The owner put his hands up as if to surrender and got out of Appellant’s car. Appellant drove away before the police arrived. The owner admitted that he does not dress in a uniform for work. Although he asked Appellant to stop as Appellant left the store with the stolen merchandise, the owner never verbally identified himself to Appellant as the owner of the liquor store.
The investigating detective testified that he located and arrested Appellant three or four days after the crime occurred. Appellant’s taped interview was entered in evidence at trial. During the interview, Appellant admitted that he stole a bottle of vodka from the liquor store and got into an altercation with the owner in the parking lot. Appellant told the detective that he did not hear anyone ask him to stop as he left the store and he panicked when the owner came through his car window. Appellant confessed that he struck the owner in the head with the bottle but maintained that he was defending himself and did not intend to harm the owner.
At the close of the evidence, Appellant moved for a judgment of acquittal. The trial court granted the motion as to resisting a merchant but denied the motion as to the charges for robbery with a deadly weapon and aggravated battery.
After closing arguments, the court instructed the jury on the substantive offenses of robbery with a deadly weapon and aggravated battery, as well as the lesser-included offenses of theft and battery. The court also gave the following self-defense instruction:
A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent: (1) imminent death or great bodily harm to himself; or (2) the imminent commission of burglary against himself or another. However, the use of deadly force is not justifiable if you find: (1) [the defendant] was attempting to commit, committing or escaping after the commission of a robbery; or (2) [the defendant] *654 initially provoked the use of force against himself unless: (a) the force asserted against the [sic] the force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other than using deadly force on [the owner]; (b) in good faith, the defendant withdrew from physical contact with [the owner] and clearly indicated to [the owner] that he wanted to withdraw and stop the use of deadly force but [the owner] continued or resumed the use of force,
(emphasis added). The court also stated:
If the defendant was not engaged in an unlawful activity and was attacked in any place where he had the right to be, he had no duty to retreat and the right to stand his ground and meet force with force including deadly force [sic] could be reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.
(emphasis added). Appellant did not object to any of the jury instructions. The jury found him guilty of robbery with a weapon and battery. This appeal follows.
Appellant raises two different challenges to the trial court’s self-defense instructions. “ ‘Generally speaking, the standard of review for jury instructions is abuse of discretion.’ ” Krause v. State, 98 So.3d 71, 73 (Fla. 4th DCA 2012) (quoting Lewis v. State, 22 So.3d 753, 758 (Fla. 4th DCA 2009)). However, because Appellant failed to preserve his challenges to the self-defense instructions by way of a timely, specific objection, they must rise to the level of fundamental error to allow for their review. See id. “Fundamental error is error that ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ An erroneous instruction constitutes fundamental error if it negates the defendant’s sole defense.” Id. (citations omitted).

The Forcible-Felony Exception

Appellant contends that it was improper for the court to instruct the jury on the forcible-felony exception because it negated his self-defense claim. We agree.
The instruction on the forcible-felony exception is derived from section 776.041, Florida Statutes (2010), which provides that a defendant is not justified in using force against the victim if the defendant “[i]s attempting to commit, committing, or escaping after the commission of, a forcible felony ....” § 776.041(1), Fla. Stat.; see also Fla. Std. Jury Instr. (Crim.) 3.6(f). This section
“does not apply when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense.” The statute does apply, however, “where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony.”
Shepard v. Crosby, 916 So.2d 861, 864 (Fla. 4th DCA 2005) (second emphasis added) (citations omitted); see also Martinez v. State, 981 So.2d 449, 454 (Fla.2008) (“[F]or the forcible-felony instruction to apply, there must be an independent forcible felony other than the one which the defendant claims he or she committed in self-defense”). When a defendant charged with multiple crimes claims self-defense as to each offense, the forcible-felony instruction is improper because there is no independent forcible felony available and the instruction negates the defendant’s self- *655 defense claim. Furney v. State, 115 So.3d 1095, 1098 (Fla. 4th DCA 2013).
In this case, the trial court gave the following instruction on the forcible-felony exception:
the use of deadly force is not justifiable if you find: (1) [the defendant] was attempting to commit, committing or escaping after the commission of a robbery
According to the State, the robbery was the independent forcible felony that permitted the instruction. However, the State’s argument ignores the fact that Appellant claimed self-defense as to both the robbery and the battery.
Appellant’s entire defense was that he used force against the owner because Appellant reasonably believed that he was under attack when the owner dove into his car window. According to Appellant, the theft only escalated into a robbery because Appellant was forced to defend himself against the owner. Likewise, the battery only occurred because Appellant was defending himself against the owner. Since Appellant claimed self-defense as to both the robbery and the battery, there was no independent forcible felony available to trigger the application of the forcible-felony exception. See id. at 1096, 1098 (reversing appellant’s convictions for aggravated battery and aggravated assault because appellant “was not charged with engaging in another separate forcible felony while allegedly committing the charged offenses, all of which he argued he committed in self-defense”). Accordingly, the trial court erred in giving the instruction on the forcible-felony exception. We next consider whether this error was fundamental.
“The erroneous reading of [the forcible-felony] instruction constitutes fundamental error only when it deprives the defendant of a fair trial.” Martinez, 981 So.2d at 457. The following factors are instructive when determining whether fundamental error occurred in this context: (1) whether self-defense is the defendant’s sole defense; (2) whether the defendant’s self-defense claim is a weak defense; and (3) whether the state relied on the erroneous instruction during closing. See, e.g., id. at 455-57 (erroneous reading of forcible-felony instruction did not deprive defendant of a fair trial because self-defense was not defendant’s only defense strategy and defendant’s self-defense claim was “extremely weak”); Furney, 115 So.3d at 1097-98 (erroneous reading of forcible-felony instruction constituted fundamental error because defendant’s sole defense as to each of his charges was self-defense and the state relied on the forcible-felony exception during closing); Clark v. State, 23 So.3d 1213, 1215 (Fla. 4th DCA 2009) (“In reviewing the issue after Martinez, this court has found that the error is not fundamental where the State did not rely on the erroneous instruction in closing argument, and the defendant was not deprived of a fair trial by the erroneous instruction.”).
Applying these factors to the facts of this case leads us to conclude that the error was fundamental. First, self-defense was Appellant’s only defense strategy. Second, Appellant’s self-defense claim was not extremely weak. Based on the evidence supporting Appellant’s contention that he did not know the victim was the owner of the store, the jury could reasonably conclude that Appellant believed he was being randomly attacked and that he responded with force to protect himself and his vehicle. Finally, the state relied on the forcible-felony exception during closing to argue that Appellant could not possibly have been acting in self-defense.

*656
The Duty to Retreat Instruction

Appellant also asserts that the trial court provided inconsistent instructions on Appellant’s duty to retreat based on the First District’s recent decision in Floyd v. State, 2014 WL 30573, 39 Fla. L. Weekly D76 (Fla. 2d DCA Jan. 3, 2014). Because we conclude that the trial court committed fundamental error by giving the forcible-felony instruction, we need not consider the application of Floyd to the trial court’s instruction on the duty to retreat.
Accordingly, we reverse Appellant’s convictions based on the erroneous instruction on the forcible-felony exception and remand for a new trial.

Reversed and Remanded for New Trial.

WARNER and KLINGENSMITH, JJ., concur.