PALMER, J.
Charles M. Ray (the defendant), seeks review of the trial court’s summary denial of his motion for post-conviction relief. See Fla. R.Crim. P. 3.850. The trial court’s summary denial order is affirmed in all respects, except as to claims 1, 1-A, and 2. The defendant was charged with committing the crimes of attempted second-degree murder with a firearm (count 1); aggravated battery with a firearm (count 2); battery (count 3); and resisting an officer without violence (count 4). He was found guilty as charged on counts 2, 3, and 4, and he was found guilty of the lesser-included offense of aggravated battery on count 1.
The defendant timely filed a rule 3.850 motion alleging ineffective assistance of trial counsel. He filed a supplemental motion which was untimely, except as to the claims included in his original motion. In ruling on the defendant’s motion, the trial court only considered the claims set forth in the supplemental motion because the defendant indicated that his supplemental motion contained all of his claims for relief.
To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that defense counsel’s performance was deficient (i.e., unreasonable under prevailing professional norms); and (2) that the deficiency prejudiced the, defense (i.e., reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different). Jones v. State, 998 So.2d 573, 582 (Fla.2008). See also Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“A reasonable probability is a probability sufficient to undermine confidence in the outcome.”).
In claim 1, the defendant alleged that defense counsel was ineffective for failing to file a motion to dismiss the charges pursuant to Florida’s Stand Your Ground law[1]. Specifically, he alleged that he was in a place where he had a right to be (i.e., his front yard) “when he and his wife and children became the subject of an unprovoked felonious assault and battery by four 21-year-old young and agile male adults, .raising a justifiable fear in them of death or great bodily harm.” In rejecting the defendant’s Stand Your Ground claim, the trial court concluded that this claim was a new claim that was not previously raised within -the appropriate time limits *1012 and was, therefore, time barred. We disagree.
Contrary to the tidal court’s conclusion, the defendant, although inartfully, has consistently attempted to assert a claim that his defense counsel should have attempted to seek the dismissal of the charges in this case based upon the Stand Your Ground law. In its response, the State properly acknowledges that fact. As such, we reverse the summary denial of claim 1.
In claims 1-A and 2, the defendant alleged that his defense counsel was ineffective for failing to argue at trial that he acted in self-defense. He also contended that defense counsel was ineffective for failing to object when the trial court instructed the jury on the forcible-felony exception to' the self-defense instruction. According-to the defendant, his self-defense claim was completely ‘negated when the trial court issued the forcible-felony instruction. In rejecting these two claims, the trial court concluded:
Defendant claims that the given instructions negated his self-defense claim. The jury instructions stated: “the attempted killing of a human being is justified and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the Defendant. Or to commit a felony in any dwélling house in which the Defendant was at the time of the attemptéd killing ... the attempted killing of a human being is excusable and therefore' lawful under any one of the three following circumstances: ... one, when the attempted killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent. Or number two, when the attempted killing occurs by accident and misfortune in the heat of passion upon any sudden .and sufficient provocation. Or when the attempted killing is committed by accident and misfortune resulting in a sudden combat. If a dangerous weapon is not used and the attempted killing is not done in a cruel and unusual manner.” This instruction explains to the jury the circumstances under which they could find Defendant’s actions were excusable, essentially deciding that he acted in self-defense. This instruction does not serve to negate Defendant’s sole defense to the charged crimes. Jackson v. State, 935 So.2d 107 (Fla. 4th DCA 2006) (self-defense jury instruction which stated that defendant was not justified in using either deadly force or non-deadly force if jury found he “was attempting to commit, committing, or escaping after the commission of felony battery and/or aggravated assault” was fundamental error at trial for felony battery and aggravated assault, as there was no independent felony, jury could have concluded that the felony battery or assault was the charged crime to which defendant claimed self-defense, and instruction served to negate defendant’s sole defense to the charged crimes). Here, the jury instructions gave information that would permit the use of self-defense, but the instruction did not use the words “self-defense.” Regardless of the wording, these instructions clearly give the jury the opportunity to find Defendant not guilty due to self-defense if they believe the evidence supports such a finding. Therefore, Defendant did not suffer any prejudice.
Additionally, Defendant states in his motion that counsel made closing argument that he had no intent to shoot the victim and that he had no other means to protect himself. Counsel is not required to use the term self-defense in order to make the argument.
Although the trial court concluded that these instructions “essentially” instructed the jury on self-defense, the record before us fails to establish whether the trial court *1013 actually instructed the jury on the justifiable use of deadly force. See Fla. Std. Jury Instr. (Crim.) 3.6(f). As such, the trial court has faded to conclusively refute the defendant’s claim that defense counsel was ineffective for failing to ensure that the jury was instructed on the theory of self-defense. The State has again properly conceded that this ruling must be reversed. See Rangel v. State, 132 So.3d 844, 848 (Fla. 2d DCA 2013) (recognizing that standard jury instruction 3.6(g), justifiable use of non-deadly force, is “the standard self-defense instruction.”); Muteei v. State, 708 So.2d 626, 627 (Fla. 3d DCA 1998) (noting that at defendant’s trial “defense counsel did not request a self-defense jury instruction, and did not object to the instructions' as given to the jury, which included instructions on justifiable and excusable attempted homicide, but not self-defense”).
As to the tidal court’s summary denial’ of the defendant’s claim alleging that his defense counsel was ineffective for failing to object when the trial court instructed the jury on the forcible-felony exception to a claim of self-defense, the trial court erred in failing to attach any records in support of its summary denial. The State has again properly conceded that this claim must be-reversed because “[t]he difficulty for the State in addressing this claim lies in the fact that the trial court, again, has failed to attach portions of the record upon which, the State, and this Court, can determine whether the instruction was proper.”
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
SAWAYA and COHEN, JJ., concur.

. See § 776.032, Fla. Stat. (2008).