DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LISA ANN GRANT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2167

[March 6, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis Bailey, Judge; L.T. Case No. 14015163CF10A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Lisa Ann Grant appeals her judgment and sentence for one count of felony battery. Because the trial court committed fundamental error by instructing the jury on the forcible-felony exception to the justifiable use of force, we reverse.[1]

The victim in this case and Defendant's adult son got into a physical altercation after the victim witnessed what he perceived to be Defendant's son trying to break into the victim's work trailer. During the course of the altercation, the victim placed the son in a chokehold. Defendant then intervened in the altercation and bit off a portion of the victim's ear. Based on the foregoing, the State charged the son with one count of attempted burglary of a conveyance with battery and Defendant with one count of

---

[1] In addition to raising issue with the jury instructions, Defendant also argues that the court erred in denying her motion for judgment of acquittal and motion for new trial based on prosecutorial misconduct; that defense counsel was ineffective; and that the court erroneously assessed victim injury points on her scoresheet. We affirm on these arguments without further comment.

aggravated battery. Notably, the State did not charge Defendant as a principal for the attempted burglary.

At trial, Defendant admitted to the battery but, as her sole affirmative defense, argued that she was justified in using force to defend her son. The court instructed the jury accordingly on both the justifiable use of non-deadly force and deadly force in defense of another. The court also gave the forcible-felony exception instruction and instructed the jury that Defendant's use of force was not justified if the jury found that Defendant's *son* was attempting to commit, committing, or escaping after the commission of burglary of a conveyance. Defense counsel did not object to this instruction. Defendant was ultimately found guilty of felony battery, a lesser-included offense of aggravated battery, and sentenced to five years in prison.

On appeal, Defendant argues that the trial court erroneously instructed the jury on the forcible-felony exception to the defense of another. This Court generally reviews a trial court's decision to give a jury instruction for abuse of discretion. *Gregory v. State*, 141 So. 3d 651, 654 (Fla. 4th DCA 2014). However, because Defendant failed to preserve the issue by way of a timely, specific objection, she must demonstrate that the error was fundamental. *Id.* "Fundamental error is error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. An erroneous instruction constitutes fundamental error if it negates the defendant's sole defense." *Id.* (quoting *Krause v. State*, 98 So. 3d 71, 73 (Fla. 4th DCA 2012)). A claim of fundamental error is reviewed de novo. *Smith v. State*, 76 So. 3d 379, 383 (Fla. 1st DCA 2011).

Defense of another, much like self-defense, is "an affirmative defense that has the effect of legally excusing the defendant from an act that would otherwise be a criminal offense." *Mosansky v. State*, 33 So. 3d 756, 758 (Fla. 1st DCA 2010); *see also Keyes v. State*, 804 So. 2d 373, 375 (Fla. 4th DCA 2001) (recognizing that claims of self-defense and defense of another both involve an admission and avoidance). In asserting defense of another, the defendant acknowledges doing the act charged but seeks to justify it as necessary to protect another from harm. *See Smith*, 76 So. 3d at 383.

Section 776.012 governs the justifiable use of force in defense of person and provides that a person is justified in using force, including deadly force, to defend "himself or herself or another" if the person reasonably believes that it is necessary to use such force. § 776.012(1)–(2), Fla. Stat. (2014). Section 776.041, however, provides an exception to the justifiable use of force in defense of person and states that "[t]he justification

described in the preceding sections of this chapter is not available *to a person who . . .* [i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." § 776.041(1), Fla. Stat. (2014) (emphasis added). Relying on the plain language of section 776.041, Defendant argues that the forcible-felony instruction as given in this case erroneously placed the focus on whether the *son* was attempting to commit or committing a forcible felony instead of whether *Defendant,* the person asserting the defense, was attempting to commit or committing a forcible felony. We agree.

Although there are no Florida cases analyzing the forcible-felony exception in the context of defense of another, cases analyzing the exception in the context of self-defense make clear that "the plain language of section 776.041 indicates that it is applicable only under circumstances *where the person claiming self-defense* is engaged in another, independent 'forcible felony' at the time." *Giles v. State*, 831 So. 2d 1263, 1265 (Fla. 4th DCA 2002) (emphasis added); *see also Martinez v. State*, 981 So. 2d 449, 457 (Fla. 2008) ("[I]t is error for a trial court to read the forcible-felony instruction to the jury where the *defendant* is not charged with an independent forcible felony." (emphasis added)). Stated differently, the focus is on whether the *accused* was engaged in a separate forcible felonious act. Whether the defense asserted is defense of another or self-defense does not change the plain language of the statute.

Because Defendant was the person asserting defense of another, the instruction should have asked the jury to determine whether Defendant was attempting to commit or committing a separate independent felony. By instructing the jury that Defendant's use of force was not justified if it found that the son was attempting to commit, committing, or escaping after the commission of a forcible felony, the instruction improperly shifted the focus from Defendant's behavior to the son's behavior without regard to Defendant's knowledge of the surrounding circumstances. *See Byrd v. State*, 858 So. 2d 343, 344 (Fla. 1st DCA 2003) (self-defense instruction improperly shifted the jury's focus from whether the defendant's behavior provoked the incident to whether the behavior of another may have been the initial cause of the use of force). Aside from being a misstatement of the law, the erroneous instruction effectively negated Defendant's only defense and, therefore, vitiated the fairness of her trial. *See Smith,* 76 So. 3d at 387 (holding that an instruction which "gutted" the defendant's key defense was so erroneous as to affect the verdict); *Vowels v. State*, 32 So. 3d 720, 721 (Fla. 5th DCA 2010) (erroneous forcible-felony instruction "led the jury to believe that [the defendant's] theory of self-defense was not available to him" and vitiated the fairness of the trial).

The State nonetheless argues that because section 776.041 provides that the forcible-felony exception applies to the "justification described in the proceeding sections of this chapter," and because defense of another is included in the justification described in the proceeding chapter, by its plain language the statute dictates that the forcible-felony exception must apply to the affirmative defense of defense of another. Any reading of section 776.041 to the contrary would add an exclusion to the statute that the Legislature did not intend. We do not quarrel with the State's argument that the forcible-felony exception applies to a claim of defense of another. Had the State also charged Defendant as a principal to the attempted burglary, then certainly the exception would apply because under that scenario Defendant would have been charged with an independent forcible felony. Defendant, however, was not charged with an independent forcible felony other than the one which she claimed to have committed in defense of another and, therefore, based on the plain language of the statute, the instruction did not apply. *See Martinez*, 981 So. 2d at 454.

The only way in which the instruction as given in this case could have been correct is if the common law alter ego rule applied. This is because under the alter ego rule, "a defendant using deadly force to defend a person who was not entitled to use deadly force would be held criminally liable." *State v. Cook*, 515 S.E.2d 127, 135 (W. Va. 1999); *see also State v. Hussing*, 1994 WL 24289, *3 (Ohio Ct. App. Jan. 27, 1994) ("[O]ne who intervenes to help a stranger stands in the shoes of the person whom he is aiding, and if the person aided is the one at fault, then the intervenor is not justified in his use of force and is guilty of an assault." (citations omitted)). In other words, if the son was committing a forcible felony and therefore not entitled to use force then, under the alter ego rule, Defendant would stand in the son's shoes and would likewise not be entitled to use force. Florida, however, like nearly all American jurisdictions, abandoned the common law alter ego rule long ago by adopting a "reasonable belief" standard. *See* § 2378, Fla. Rev. Stat. (1890) (providing that homicide is justifiable "[w]hen committed in the lawful defen[s]e of such person or of his or her husband, wife, parent, child, master, mistress or servant, when there shall be a *reasonable ground* to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished . . . ." (emphasis added)); *see also* Marco F. Bendinelli & James T. Edsall, *Defense of Others: Origins, Requirements, Limitations and Ramifications*, 5 REGENT U. L. REV. 153, 159–60 (1995) (recognizing that nearly all American jurisdictions have abandoned the alter ego rule).

The State further argues that, for public policy reasons, the exception should apply to all defense of another cases when the person being defended is attempting to commit, committing, or escaping from the commission of a forcible felony unless there is evidence that the intervenor reasonably did not know that the person he or she was defending was engaged in a forcible felonious act. We reject this argument because we are bound by the plain language of the statute. *State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004) ("When a statute is clear, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent.").

In conclusion, we hold that the trial court fundamentally erred in instructing the jury on the forcible-felony exception to the justifiable use of force. Therefore, we reverse Defendant's judgment of guilt and remand for a new trial.

*Reversed and remanded for a new trial.*

GROSS and MAY, JJ., concur.

*     *     *

**<em>Not final until disposition of timely filed motion for rehearing.</em>**