IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

DEANDRE LADALE PETERSON,

      Appellant,

v.

Case No.  5D22-173
LT Case No. 2014-301270-CFDB

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 24, 2023

3.850 Appeal from the Circuit Court
for Volusia County,
R. Michael Hutcheson, Judge.

Matthew R. McLain, of McLain Law,
P.A., Longwood, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Daniel P. Caldwell,
Assistant Attorney General, Daytona
Beach, for Appellee.

HARRIS, J.

      Appellant, Deandre Peterson, appeals the postconviction court's order

denying his motion for postconviction relief filed pursuant to Florida Rule of

Criminal Procedure 3.850. We agree with Peterson that the court erred in summarily denying ground three of his motion. We reverse that portion of the court's order but affirm in all other respects.

Peterson was charged with one count of second-degree murder, one count of aggravated battery with a deadly weapon, and one count of aggravated assault with a deadly weapon. Peterson's defense to each of these charges was that he was at all times acting in self-defense. Following a trial, a jury found him guilty of the lesser-included offense of manslaughter, and guilty as charged of aggravated battery and aggravated assault.

In ground three of his motion for postconviction relief, Peterson alleged that trial counsel was ineffective for failing to object to the forcible felony jury instruction, which stated:

> However, the use of deadly force by Deandre Peterson was not justifiable if you find that Mr. Peterson had committed or was escaping after the commission of an aggravated assault.

Citing Gregory v. State, 141 So. 3d 651, 655 (Fla. 4th DCA 2014), Peterson argued that this instruction negated his entire theory of self-defense, thereby depriving him of a fair trial and vitiating his defense. Had counsel objected, Peterson argued, the objection would have been sustained and the instruction not given. Alternatively, the objection to the forcible felony

2

instruction would have been preserved for appellate review even if the court overruled the objection.

The forcible felony exception instruction at issue in this appeal derives from section 776.041(1), Florida Statutes (2014), which provides that the justification of use of force is not available to a person who "[i]s attempting to commit, committing, or escaping after the commission of . . . a forcible felony." "Forcible Felony" includes aggravated assault. § 776.08, Fla. Stat. (2014). For the forcible felony exception instruction to apply, there must be an independent forcible felony charged other than the one the defendant claims he committed in self-defense. See Woodsmall v. State, 164 So. 3d 696, 698 (Fla. 5th DCA 2015) (citing Martinez v. State, 981 So. 2d 449, 454 (Fla. 2008)). "[I]f a defendant claims self-defense as to every forcible felony with which he is charged, there may not be a separately charged crime that can support the instruction." Berrane v. State, 337 So. 3d 464, 466 (Fla. 1st DCA 2022); see also Furney v. State, 115 So. 3d 1095, 1098 (Fla. 4th DCA 2013); Santiago v. State, 88 So. 3d 1020, 1023 (Fla. 2d DCA 2012);

In Gregory, the defendant was charged with robbery with a deadly weapon and aggravated battery, both of which he claimed occurred out of acting in self-defense. 141 So. 3d at 653. The trial court gave the independent forcible felony instruction, which stated that the use of deadly

3

force was not justifiable if the defendant was attempting to commit or committing a robbery. Id. The Fourth District explained that the forcible felony exception does not apply when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense; it does apply, however, "where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a *separate* forcible felony." Id. at 654 (quoting Shepard v. Crosby, 916 So. 2d 861, 864 (Fla. 4th DCA 2005)). We agree with our sister court that when a defendant charged with multiple crimes claims self-defense as to each offense, the forcible felony instruction is improper "because there is no independent forcible felony available and the instruction negates the defendant's self-defense claim." Id. at 654–55.

Peterson has set forth a facially sufficient claim of ineffective assistance for his counsel's failure to object to the instruction that allegedly negated his self-defense claim and the record attachments to the denial order do not conclusively refute the claim. We therefore reverse the summary denial of this claim and remand for the postconviction court to hold an evidentiary hearing on this issue. See Santiago, 88 So. 3d at 1025.

REVERSED and REMANDED

LAMBERT, C.J., and MAKAR, J., concur.

4