DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL L. HARRIS, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0916

[July 23, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502023CF004324A.

Daniel Eisinger, Public Defender, and Summer Hill, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellee.

ARTAU, J.

The issue before us is whether the defendant presented competent, substantial evidence showing that he reasonably believed using deadly force against the alleged victim ("victim") was necessary to prevent the imminent commission of a forcible felony against either himself or his girlfriend, thereby entitling him to the giving of the forcible felony instruction. Because we conclude that the defendant presented such evidence—showing the use of deadly force against the victim was necessary to prevent the imminent commission of aggravated battery—a forcible felony—and the forcible felony instruction was not given, we reverse the defendant's adjudication of guilt and remand for further proceedings consistent with this opinion.[1]

---

[1] Because the erroneous denial of the aggravated battery instruction is alone a sufficient ground to reverse, we do not reach the merits of the defendant's argument that he was also entitled to the giving of the aggravated stalking instruction.

## Background

Prior to dating the defendant, the defendant's girlfriend had dated the victim. After the girlfriend and the victim broke up, the victim reportedly told the girlfriend he would not "let her be" and threatened her by saying, "who[m]ever I catch you with I'm gonna f**k you and him up." There were also "numerous times" where the victim would follow the girlfriend to her place of work. Indeed, the victim previously followed the girlfriend into a store (which required the police to escort her back to her car), camped outside her house one night, and even "threatened to do some shooting."

Then, one day in May 2023, the defendant and his girlfriend were together in a parking lot when the victim's car pulled up near them. Though the defendant had never met the victim, he knew that it was the victim's car because the girlfriend had previously driven the car. Knowing that this was the victim's car and of the victim's past behavior and threats, the defendant claimed that he "racked [his] firearm, [and] prepared [himself] for safety."

The victim then exited the car and approached the girlfriend, with the defendant standing a couple feet behind. As the defendant described, the victim then began talking aggressively to her and said, "I'm gonna f**k you and [the defendant] up." Then, as depicted in the video evidence, the victim began to walk back to his car but suddenly turned back around and cornered the defendant and the girlfriend between two cars. At this point, the victim was in close proximity to both the defendant and the girlfriend as he hit his former girlfriend with significant force in the face.

The defendant then became nervous and scared because the victim had previously threatened the defendant by saying that the defendant "better have a gun" if the defendant and the victim ever met. The defendant then unholstered his gun and shot the victim because the defendant "figured [he] was next" and "didn't know what [the victim's] intentions [were]." The record contains disputed testimony and evidence from which a reasonable jury could conclude that the victim did not begin retreating until "*after* the gun was fired[.]" (Emphasis added).

The defendant was then charged with second degree murder with a firearm. At trial, the defendant requested the jury be given the forcible felony instruction, arguing evidence was presented that he reasonably believed the use of deadly force was necessary to prevent the imminent commission of either aggravated battery or aggravated stalking. The trial court, however, denied the defendant's request and instead instructed the

jury that the defendant was justified in using deadly force only if he reasonably believed that using such force was necessary to prevent death or great bodily harm to himself or another.

Following deliberations, the jury found the defendant guilty of manslaughter with a firearm, a lesser included offense to second-degree murder. The defendant was then adjudicated guilty and sentenced. This appeal follows.

## Analysis

The standard of review for the giving of jury instructions is abuse of discretion. *Grant v. State*, 266 So. 3d 203, 205 (Fla. 4th DCA 2019). But "Florida law is clear that a defendant is entitled to have a jury instruction on any valid defense supported by the evidence." *Mora v. State*, 814 So. 2d 322, 330 (Fla. 2002) (citing State v. Weller, 590 So. 2d 923, 927-28 (Fla. 1991)). Indeed, as Judge Mize recently recognized in a well-reasoned majority opinion from one of our sister courts, a jury instruction on self-defense is required "if the defense is *suggested* by the evidence presented." *Smith v. State*, --- So. 3d ----, No. 6D2023-2239, 2025 WL 1786726, at *4 (Fla. 6th DCA June 27, 2025) (quoting *Elder v. State*, 296 So. 3d 440, 444 (Fla. 4th DCA 2020)).

Under Florida law, "[a] person is justified in using or threatening to use deadly force if he or she reasonably believes that using or threatening to use such force is necessary *to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony.*" § 776.012(2), Fla. Stat. (2023) (emphasis added). Florida law defines a "forcible felony" to include aggravated battery. § 776.08, Fla. Stat. (2023).

Aggravated battery occurs when a person "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement[.]" § 784.045(1)(a)1., Fla. Stat. (2023).

Here, the defendant presented competent, substantial evidence from which a reasonable jury could find he reasonably believed that his use of deadly force was necessary to prevent the imminent commission of aggravated battery against himself or the girlfriend.

Because the defendant presented evidence that he knew of the victim's history of harassing the girlfriend and making threats, a reasonable jury could find that after the victim had escalated the situation by hitting the girlfriend in the face, the defendant reasonably believed that deadly force

3

was necessary to prevent the victim from intentionally causing great bodily harm, permanent disability, or permanent disfigurement by way of an aggravated battery.

Thus, competent, substantial evidence supported the defendant's self-defense or defense of his girlfriend theory, entitling him to the forcible felony instruction. Accordingly, the trial court's failure to give such an instruction was error.

Moreover, this error was not harmless because the giving of the forcible felony instruction would have notified the jury of another path to an acquittal. Indeed, the jury apparently believed that the defendant was at least partially justified in his actions, as the jury convicted him not of the second-degree murder charge, but rather of the lesser-included manslaughter charge. If the jury had been given the forcible felony instruction, a reasonable possibility exists that the jury would have acquitted him completely, thus rendering the error harmful. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) (explaining that an error is harmless if the State can prove beyond a reasonable doubt "that there is no reasonable possibility that the error contributed to the verdict").

**Conclusion**

Because the defendant presented competent, substantial evidence supporting his theory that he reasonably believed deadly force was necessary to prevent the imminent commission of aggravated battery, the trial court erred by not giving the forcible felony self-defense jury instruction. *See Smith*, 2025 WL 1786726, at *6-7 (holding that the trial court erred by denying the defendant's requested self-defense jury instructions because the instructions were supported by the evidence). And because this error cannot be considered harmless, we reverse the defendant's adjudication of guilt and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

CIKLIN, J., concurs.
KLINGENSMITH, J. concurs in result only.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***

4